Nov. Term, **1835.**

TITUS
v.
SCANTLING.

---

## TITUS *v.* SCANTLING and Wife.

If a bond is void by the laws of the state where it was made, and where the Court must presume, (no other place being named,) it was to be performed, it cannot be enforced in this state.

At common law, any persons, though no suit was pending, might submit their matters of difference to arbitrators; and their agreement for the purpose might be without writing, or by writing either with or without seal.

12

Nov. Term,
1835.

————

Titus
v.
Scantling.

The common law, so far as it does not interfere with the statutes of a state, must be presumed to be in force within such state.

The arbitration-bonds, at common law, contained no agreement that the submission should be made a rule of Court.

The *English* statute of Will. 3, and the statutes of *Ohio* and *Indiana*, relative to arbitrations, authorise the insertion of such an agreement into arbitration-bonds, and thus provide for a remedy by attachment against the defaulting party; but at the same time, these statutes do not impair the validity of arbitration-bonds which do not contain the agreement; and an action of debt still lies on such bonds at common law.

*Monday,*
*November* 30.

APPEAL from the *Shelby* Circuit Court.

BLACKFORD, J.—This was an action of debt by *Edward Scantling* and *Sarah* his wife, formerly *Sarah M'Afee*, against *Joseph Titus*. The action is founded on an arbitration-bond, executed by *Titus* to the said *Sarah* previously to her marriage. The condition of the bond is, that if *Titus* should perform the award of certain arbitrators to be made within a limited time, relative to a certain matter of difference between the parties, then the bond was to be void. There is no agreement in the bond, that the submission of the parties might be made a rule of Court; and that circumstance gives rise to the only question of law involved in this cause.

The declaration sets out the condition of the bond, the award, and the breach. The defendant pleaded three pleas. The first plea is, that the bond was executed in the state of *Ohio*, and was to be there complied with; and that in *Ohio*, by virtue of a statute which is set out in the plea, the bond is void, in consequence of its not containing an agreement, that the submission might be made a rule of Court. The second plea is a denial that any award had been made. The third plea is, that the award was obtained by fraud and covin. To the first plea, the plaintiff filed a general demurrer. On the second and third pleas, issues were joined.

The demurrer to the first plea was sustained. The issues on the second and third pleas were tried by the Court without a jury, and damages assessed in favour of the plaintiffs to the amount of 437 dollars. Final judgment was rendered for the penalty of the bond, with an award of execution for the damages and costs.

The only error assigned is the sustaining of the demurrer to the first plea.

Nov. Term, 1835.

TITUS
v.
SCANTLING.

The appellant contends, that the validity of this plea must be tested by the laws of. *Ohio;* and that, according to those laws, the bond upon which the action is founded is void, as is shown by the plea.

It˙is admitted that if the bond is void by the laws of *Ohio,* where it was made, and where we must presume, (no other place being named,) it was to be performed,—it ought not to be enforced here. That is the law, as stated by Judge *Story* in his "Conflict of Laws," pages 216, 217, and notes. It was also decided to be the law by this Court, in a case between these same parties, at the *May* term, 1834. The statute of *Ohio,* therefore, on the subject of arbitration-bonds must be examined. The language of that statute is as follows:—That all persons, &c. may submit their controversies to arbitration, &c.; that when any persons agree to submit any matters to arbitration *as aforesaid* and to make the same a˙ rule of Court, they shall enter into arbitration-bonds, &c., which shall expressly state their agreement that the submission may be made a rule of Court; that if either party refuse to obey the award, the other party may return the same with the bond to the Court, &c., and obtain a rule of Court thereon; and that the party disobeying the rule shall be liable to be punished for a contempt, &c. This is the whole of the statute, contained in the defendant's plea, that has any relation to the case. There can be no doubt but that the bond upon which the present suit is founded, is not such a one as is contemplated by this statute, for the reason pointed out by the appellant; which reason is, that it contains no agreement that the submission shall be made a rule of Court. But the˙question is, does that circumstance make the bond void under the laws of *Ohio?*

To determine this question, it is necessary to advert, for a moment, to the history of arbitrations. They are, as every one knows, of common law origin. In the earliest periods of the history of that law, we find that any persons, though no suit was pending between them, might agree to submit their matters of difference to arbitrators; and that their agreement for this purpose might be without any writing, or by a writing without seal, or it might be by mutual bonds. If the agreement was by bond, and either party refused to comply with the award, his opponent might sue him on the award or on the

bond. 2 Saund. 61, notes. We find in the old *English* books of Reports, previously to any statute on the subject, frequent suits on arbitration-bonds. Those bonds contained no agreement, that the submission should be made a rule of Court. The insertion of such an agreement in the bond, originated with the *English* statute of 9th and 10th of Will. 3d. The object of that statute was to give to persons, submitting their disputes to arbitration where no suit was pending, the same remedy that the common law gives in cases referred after the commencement of a suit. *Lucas* v. *Wilson*, 2 Burr. 701. The defaulting party, where the submission is made a rule of Court, becomes liable to an attachment. The statute thus gives a new remedy, when the bond contains an agreement for the rule; but, at the same time, it leaves the validity of the common law bonds, not containing such an agreement, entirely unimpaired. All the difference is, that on the statutory bond the rule of Court may be obtained, but on the common law bond it cannot. The party, in the latter case, is limited to the old remedy by an action on the award or on the bond.

These observations respecting the *English* law of arbitration, apply to the laws of *Ohio* on the subject. We are bound to presume that the common law, so far as it does not interfere with her statutes, is in force in *Ohio*. That point was so decided by this Court, in the case of *Stout* v. *Wood*, *July* term, 1820. Arbitration-bonds, therefore, in the common law form, without any agreement respecting a rule of Court, are valid in the state of *Ohio* by the common law, unless their validity is impaired by the statute law of that state. The defendant below has not informed us in his plea of any other statute of *Ohio* on the subject, than the one to which we have referred. That statute is, substantially, as to the matter in question, the same with the *English* statute of Will. the 3d.; and it consequently does not, as is shown by our previous remarks, affect the legality of arbitration-bonds made, like the one now before us, in the common law form. The obligees are excluded, by the form of the bond, from the summary remedy by attachment under a rule of Court, but that does not prove the bond to be void, or that an action of debt may not be maintained on it.

The statute on arbitrations in *Indiana*, is, as to the matter under consideration, the same with the *Ohio* statute; and we

think it is clear that this arbitration-bond, had it been executed here with a view to our laws, might have been enforced in our Courts as a common law bond, by an action of debt (1).

Our opinion for these reasons is, that the obligor's plea, that the bond in question is void by the laws of *Ohio* where it was executed, cannot be supported. The bond is valid, and the demurrer to this plea was correctly sustained.

*Per Curiam.*—The judgment is affirmed with five *per cent.* damages and costs.

*P. Sweetser*, for the appellant.

*C. Fletcher* and *O. Butler*, for the appellees.

(1) Rev. C. Ind. 1831, p. 72.   Accord. Rev. Stat. 1838. p. 69.