COFFIN *v.* WOODY.

Nov. Term,
1840.

COFFIN
v.
WOODY.

5b 423
126   9

If in an agreement to submit certain matters in difference to arbitration where no suit is pending, the parties do not stipulate that the submission shall be made a rule of Court, the successful party cannot proceed under the statute on the award, but is left to his remedy at common law.

APPEAL from the *Parke* Circuit Court.

SULLIVAN, J.—This was a proceeding under the act authorizing and regulating arbitrations. R. S. 1838, p. 69. *Coffin* and *Woody* entered into an agreement under their hands and seals, by which they submitted certain matters in dispute between them to arbitration, and covenanted with each other that the award of the arbitrators should be binding and conclusive. There was no agreement that the submission should be made a rule of Court, nor were the names of the arbitrators set forth in the agreement. The arbitrators made an award in favour of *Woody*, which was filed in the Circuit Court, and a rule obtained upon which a *scire facias* issued against *Coffin* to show cause why the award should not be made the judgment of the Court. The defendant in the Circuit Court demurred. The Court overruled the demurrer and gave judgment for the plaintiff.

The remedy pursued in this cause to enforce the award of the arbitrators is statutory, and can only be adopted when the submission follows the directions of the statute. The act above referred to authorizes persons having any matter in controversy between them, to submit the same to arbitration, and to make the submission a rule of any Court of record within the state; but their agreement to do so, must be expressly stated in the submission. On an award made pursuant to such a submission, and returned and entered of record according to the statute, a rule may be made that the person against whom such award is intended to operate, appear and show cause why it should not be made the judgment of the Court. The remedy is a summary one, given by the statute in cases where its requisitions have been pursued. As the submission in the present case does not contain an agreement that it should be made a rule of any Court of record, the party in whose favour the award was given cannot adopt the

Nov. Term, 1840.

remedy which is given only in cases where such an agreement exists. He is left to his remedy at common law. *Titus* v. *Scantling et ux.*, 4 Blackf. 89. The demurrer should have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*T. A. Howard*, *W. P. Bryant*, and *A. Kinney*, for the appellant.

*J. A. Wright*, for the appellee.