*R. Crawford*, for the appellee.

## HAYS *v.* MILLER.

Suit upon an award. By the submission, the arbitrators were to "arbitrate all debts, dues, notes, judgments, and demands whatever, of every kind and nature, between the parties." The award was as follows: "We, the arbitrators, having taken upon us the burden of the reference, and having duly considered the allegations and proofs of the parties, do make and publish this our award, of and concerning the matters to us referred, viz.: We find for *Enoch Miller* 4,329 dollars, including the *Enoch Hays* judgment in the *United States* District Court, and the judgment of *Jacob Hays* against *Benjamin Redman*, jun., in replevin," &c. Signed, &c. A copy of the award was filed with the complaint. It was objected that the complaint

was defective for not averring that the award was made of and concerning the matters submitted.

*Held*, 1. That the award was part of the complaint, and contained the necessary averment.

2. That the award is not uncertain for including the judgments to which it refers, in making up the aggregate.

3. That although the judgments were not originally between the parties, it may be presumed, in view of the whole award, that, at the time of the submission, they had become existing demands between them, and were properly within the submission.

The statute upon interest does not render the contract upon which an illegal rate of interest is reserved, wholly void, but simply avoids it so far as it reserves illegal interest.

Thus, if illegal interest be given by an award, a defense, in a suit upon the award, seeking to annul the entire award for that reason, is bad. To bring such a defense within the statute, the amount of interest included in the award, should be stated in the pleading.

A submission to arbitrators, where no cause is pending, and where there is no agreement to make the submission a rule of Court, is the mere act of the parties; and in an action to enforce the award, it is no defense to say that it is against law.

APPEAL from the *Dearborn* Circuit Court.

Davison, J.—*Miller* sued *Hays* upon an award. In the complaint, it is alleged that the parties on, &c., at, &c., entered into a written agreement to submit certain matters of difference therein specified, to the arbitrament of *William Jessup, J. S. Ferris,* and *Samuel Morrison;* that the arbitrators thus appointed met on the day and at the place designated in the submission, and after hearing the allegations and proofs touching the matters of difference submitted, &c., did, on the 16th of *September,* 1854, make an award in writing, of the making of which the defendant afterwards, &c., had notice, &c.

Copies of the submission and award were filed with the complaint, and are set out in the record. By the submission, the arbitrators were to meet at the house of *Samuel Morrison,* on the 6th of *September,* 1854, "and arbitrate all debts, dues, notes, judgments, and demands whatever, of every kind and nature, between the parties." The award is as follows:

" We, the arbitrators, having taken upon ourselves the burden of the reference, and having duly considered the

allegations and proofs of the parties, do make and publish this our award, of and concerning the matters to us referred, viz.: We find for *Enoch Miller* 4,329 dollars, including the *Enoch Hays* judgment in the *United States* District Court, and the judgment of *Jacob Hays* against *Benjamin Redman*, jun., in replevin; and that the parties pay all costs of this examination equally. [Signed] *William Jessup, Jabez S. Ferris, Samuel Morrison.*"

Defendant demurred to the complaint; but his demurrer was overruled, and thereupon he answered. His answer contains fourteen paragraphs. Demurrers were sustained to the 6th, 7th, 10th, 12th, 13th, and 14th. The other paragraphs led to issues of fact. The Court tried the cause, and found for the plaintiff 4,447 dollars, that being the amount of the award and interest thereon from its delivery. Judgment was accordingly rendered.

The complaint is said to·be defective, because it does not aver that the award was made of and concerning the matters in controversy submitted to the arbitrators. This objection is not tenable. The award, a copy of which is filed with the complaint, contains the proper averment, and having been so filed, became a part of that pleading. 2 R. S. p. 44, § 78.— *Womack* v. *Womack*, 9 Ind. R. 288.— *Womack* v. *Dunn*, id. 183.

But it is insisted that the award itself is defective; that it is uncertain, and not in accordance with the submission. As we have seen, it says: "We, the arbitrators, &c., do make and publish this our award of and concerning the matters to us referred, viz.: We find for *Enoch Miller* 4,329 dollars, including the *Enoch Hays* judgment in the *United States* District Court, and the judgment of *Jacob Hays* against *Benjamin Redman* in replevin." This award is not, in our opinion, objectionable on the ground of uncertainty. It is for a sum certain, and its certainty is not affected for the reason that in making up the aggregate amount, it includes the judgments to which it refers.

But the inquiry arises—Have the arbitrators, by including them, exceeded their authority under the submission? Evidently, these judgments were not originally between

*Miller* v. *Hays;* but, in view of the whole award, may we not intend that, at the time of the submission, they had, by assignment, or in some way become existing demands between the parties? If this can be done, then the award may be sustained. It is said to be a maxim of the Courts, never to raise a presumption for the sake of overturning an award; but, on the contrary, to make every reasonable intendment in its support. Cald. on Arb. 279, and cases there cited. And, further, it has been decided that "where the words of an award are so comprehensive that they may take in matters not within the submission, yet it shall be presumed that nothing beyond it was awarded, unless the contrary be expressly shown." *Solomons* v. *M'Kinstry,* 13 Johns. 27. In looking into the award in question, we find this statement: " We, the arbitrators, &c., do make, &c., this our award, of and concerning the matters to us referred." The words "matters to us referred" obviously mean the matters included in the submission. Hence, it must be inferred that the arbitrators, having considered these judgments, regarded them as matters properly within the scope of the authority under which they acted. There is, it seems to us, enough on the face of the award, until the contrary be shown, upon which to rest the presumption that the judgments were legitimately before the arbitrators, and that in the award there is nothing outside the submission. Cald. on Arb. 283.—22 Pick. 144. —20 Verm. R. 132.—1 Rand. 449.—1 Leigh, 294.

Again, it is submitted that the demurrer to the seventh paragraph of the answer should have been overruled. That paragraph, so far as it relates to the point made in argument, avers that the arbitrators, in making up their award, allowed 10 per cent. interest on all claims in favor of *Miller,* and compounded said interest by calculating on both principal and interest, by the year, by which misconduct of the arbitrators, the balance due *Miller* was greatly increased, &c.

It may be noted, that the statute on the subject of interest does not render the contract upon which an illegal rate of interest is reserved, wholly void, but simply avoids it so

far as it reserves the interest. 1 R. S. p. 344, § 4. The defense, then, is objectionable because it seeks to annul the entire award, when, if at all defective, it is only so in the rate of interest which it includes. To bring such a defense within the provisions of the statute, it is essential that the amount of interest included in the award, should be affirmatively pointed out in the pleading.

But there is another reason why the ruling of the Circuit Court, in its action upon the demurrer, must be sustained. This was a submission where no cause was pending, and there was no agreement to make the submission a rule of Court. The reference, therefore, was as at common law, and the mere act of the parties. *Titus* v. *Scantling*, 4 Blackf. 89. And there are various decisions to the effect that, in such a case, in an action to enforce the award, it is no ground of objection that it is against law. *Mitchell* v. *Bush*, 7 Cow. 185.—*Jackson* v. *Ambler*, 14 Johns. 96.—*Cranston* v. *Kenny's ex'rs*, 9 *id.* 212.—*Bigelow* v. *Newell*, 10 Pick. 348. These authorities proceed upon the ground that, "if judges chosen by the parties erroneously decide a question of law, the Court will abide the decision." In this instance, the demurrer concedes that the award contains a rate of interest not allowable by the statute; and the arbitrators, in making such allowance, may have misjudged the law; but the weight of authority, no doubt, is, that an erroneous decision, thus made, cannot be set up in bar of an action on the award. Kyd on Awards, pp. 185, 237, 238.—*Symes* v. *Goodfellow*, 2 Bing. (N. C.) 532.

But it is insisted that the finding of the Court is unsustained by the evidence. There was, however, no motion for a new trial; and it has been often decided that "where a cause is tried by the Court instead of a jury, the finding of the Court stands precisely like the verdict of a jury, and can only be set aside where a verdict would be." *Priest* v. *Martin*, 4 Blackf. 311.—*The State* v. *Swarts*, 9 Ind. R. 222.—*McDonald* v. *Stader*, 10 *id.* 171. We are referred to *Williams* v. *The New Albany and Salem Railroad Co.*, 5 Ind. R. 111; but that case, though, in this in-

May Term, 1859.

stance, it seems to be applicable, will not be allowed to control the question under consideration; because we have recently decided that "the submission of a cause on an agreed statement of facts, does not excuse the failure to move for a new trial." *McDonald* v. *Stader, supra.* "It is due to the lower Court that its errors, if any, should be pointed out there, so that it may retrace its steps while the record is yet under its control." 9 Ind. R. 222. In this case, there being no motion for a new trial, the sufficiency of the evidence to sustain the finding of the Court must be conceded.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*W. S. Holman,* for the appellant.