May Term,
1861.

ESTEP
v.
LARSH.

Tuesday,
May 28.

---

ESTEP *v.* LARSH.

An award, rendered in pursuance of a submission entered into under the Revised Statutes of 1843, is void, if it is not attested by a subscribing witness, the fees of the witnesses ascertained and estimated by the arbitrators and returned with the award, and a copy of the award and costs delivered to the parties.

If the parties stipulate, in pursuance of the statute, that the submission shall be made a rule of a designated Court, the arbitration must be regarded as statutory.

If such an award is void for a non-compliance with the statute, no action can be maintained upon it as a common law award; the only remedy, in such case, being that provided by the agreement of the parties, in pursuance of the statute.

Tuesday,
May 28.

APPEAL from the *Wayne* Circuit Court.

WORDEN, J.—Suit by *Larsh* against *Estep*, upon an award. Verdict and judgment for the plaintiff.

The main question in the case relates to the validity of the award sued upon, which, in the Court below, was held sufficient. The award was made in pursuance of a submission

entered into under the statute of 1843, providing that the submission should be made a rule of the *Wayne* Circuit Court.

The award was not attested by a subscribing witness; nor were the fees of witnesses ascertained and estimated by the arbitrators, and returned with the award; nor were copies of the award and costs delivered to the parties, as required by the statute. R.·S. 1843, §§ 9, 10, 11, p. 788.

The award, on account of these omissions, viewed as a statutory award, is undoubtedly void. *Francis* v. *Ames*, 14 Ind. 351, and authorities there cited. That the submission and award should be. regarded as statutory, we have no doubt. Parties may resort to a common law arbitration, and enter into an agreement for submission, either by parol or in writing, or by a sealed, or an unsealed instrument; and the award will be good without compliance with some of the requisites of the statute. We suppose the true criterion by which to determine whether the arbitration should be regarded as a statutory or common law proceeding, is this: if the parties have stipulated, as in this case, in pursuance of the statute, that the submission should be made a rule of a designated Court, the proceeding should be regarded as statutory; otherwise, it might be regarded as a common law submission, and the award be tested by common law principles.

The award being bad as a statutory award, it only remains to inquire, whether an action can be maintained upon it as a common law award.

Whatever doubt may have existed on this subject heretofore, it is now settled that such action can not be maintained. The only remedy the parties have upon such award, is the one provided for by the agreement of the parties, in pursuance of the. statute, and a suit upon the submission bond. *Francis* v. *Ames, supra;* *Coats* v. *Kiger*, 14 Ind. 179.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded.

*J. S. Newman, D. McDonald* and *J. P. Siddall*, for the appellant.

*J. B. Julian* and *J. Perry*, for the appellee.