## HEDRICK v. JUDY.

AWARD.—A statutory award is where the agreement of submission to arbitrators requires such submission to be made a rule of a designated court.

TRIAL BY REFEREES.—In a proceeding under sec. 349 of the code, 2 G. & H. 210, the report of the referees stands as a special verdict, and need not be attested by a subscribing witness.

APPEAL from the *Warren* Circuit Court

GREGORY, J.—*Hedrick* sued *Judy* for an amount alleged to be due from the latter to the former, on account of certain partnership transactions between them.

*Judy* answered by the general denial, and set-off and counter-claim. The case was put to issue by reply in denial.

After the case was at issue, the parties filed in court their written agreement as follows:

"We, *Jesse Hedrick* and *Benjamin Judy*, agree to refer all matters involved in the action pending in the *Warren* Circuit Court, *Indiana*, wherein *Jesse Hedrick* is plaintiff, and *Benjamin Judy* is defendant, to *James H. Keys*, *William Cissna*, and *Walter B. Miller*, and that the court shall appoint said parties as referees in said action.

(Signed)            "J. E. HEDRICK,
"*October* 21, 1863.            BENJAMIN JUDY."

The court made the order accordingly. The referees heard the case, and made their report, finding for the defendant against the plaintiff the sum of $1,388; whereupon a judgment was rendered without objection.

There was no motion for a new trial, nor in arrest of judgment, and no exceptions taken to the action of the court in any manner.

We are asked to reverse the judgment, on the ground that there was no subscribing witness to the report of the referees. It is claimed that the report of the referees is a statutory award, and must be attested by a subscribing witness. 2 G. & H. 344, sec. 9. But this position can not be sustained.

A statutory award is, where the agreement of submission to *arbitrators* requires such submission to be made a rule of a designated court. *Estep* v. *Larsh*, 16 Ind. 82; *Carson* v. *Earlywine*, 14 Ind. 256. The case at bar, was a proceeding authorized by the code, when all or any of

the issues in a pending action, whether of fact or of law, or both, are by the agreement of the parties referred to referees. 2 G. & H. 210, 211, secs. 349, 350, 351.

The report of the referees stands as a special verdict, and need not be attested by a subscribing witness.

Judgment affirmed, with two per cent. damages and costs.

*B. F. Gregory* and *J. Harper*, for appellant.
*Joseph H. Brown*, for appellee.