## Hawes and Another *v.* Coombs and Another.

ARBITRATION AND AWARD.—*Submission.*—Where the parties to an arbitration have not agreed that the submission shall be made a rule of a designated court, the arbitration cannot be regarded as statutory, but may be valid as a common law arbitration.

PLEADING.—*Matters of Law.*—A paragraph of answer in which the defendant pleads matter of law merely, should be stricken out on motion of the plaintiff.

ARBITRATION BOND.—*Suit on.*—*Presumption.*—In a suit on an arbitration bond for the failure of the defendant to perform his part of the award, it will be presumed, the contrary not appearing, that the award is the result of an adjustment by the arbitrators of all, and not merely a part, of the matters included in the submission.

SAME.—*Pleading.*—Where, in such an action, the part of the award to be done by the plaintiff is not void and incapable of enforcement by the law, or the performance thereof is not by the terms of the award made a condition precedent to that on the part of the defendant, an answer alleging a readiness of the defendant to perform on his part upon compliance with the award on the part of the plaintiff is insufficient, whether the complaint alleges performance on the part of the plaintiff or not.

APPEAL from the Floyd Common Pleas.

DOWNEY, J.—Epaphias Hawes, William C. Coombs, and Andrew P. Jackson were partners in business. A difference arose about the settlement of their accounts. They entered into an agreement, as the writing says, "to arbitrate the difference now existing between us in the following manner,

consisting of all our partnership business, comprising the manufacture of spirits, lumber, hominy, meal, pork, &c. We further agree to make this arbitration the rule of justice's court," &c. It then proceeds to name the persons who are to act as arbitrators, and to specify how, in some respects, the arbitration is to be conducted. By an *addendum* to this writing they say, "this to be a supplement to our bonds," &c. Contemporaneously with the making of this agreement, April 6th, 1869, they entered into bonds with each other for the performance of the award, the said Nathan Hawes becoming bound with said Epaphias Hawes as security for him on the bond executed by him.

In the condition of the bond it is specified that the award shall be made in spirits, whiskey at one dollar and seventy-five cents per gallon, and peach brandy at three dollars per gallon.

The arbitrators, after having heard the case, awarded to Epaphias Hawes eight hundred dollars in whiskey, at one dollar and fifteen cents per gallon, it being six hundred and ninety-four gallons; that Coombs and Jackson should have two hundred dollars in whiskey, at one dollar and fifteen cents per gallon, being one hundred and seventy-four gallons. They further awarded to Coombs and Jackson four hundred dollars, being one-third of twelve hundred dollars borrowed of a party who is named in the award, to be paid in whiskey at one dollar and seventy-five cents per gallon; to Hawes thirty-five gallons of brandy, at three dollars per gallon, being one hundred and five dollars, and seventy gallons of brandy to Coombs and Jackson at three dollars per gallon, being two hundred and ten dollars; one hundred dollars to Hawes in whiskey at one dollar and seventy-five cents, and two hundred dollars to Coombs and Jackson in whiskey at the same price, being one hundred and fourteen gallons. Coombs and Jackson to pay two-thirds and Hawes one-third of the costs. A copy of the award was duly served by the arbitrators on each party.

The action was brought by Coombs and Jackson against

Epaphias and Nathan Hawes, predicated on the bond, but setting out the written agreement also, which was executed by the parties, except Nathan Hawes, at the same time that the bond was executed.

The plaintiffs allege the performance of the award on their part, and that Epaphias Hawes did not abide by and perform the conditions of said award on his part to be performed, in this, to wit, that he has upon demand reasonably made by the plaintiffs failed and refused to deliver to them one hundred and seventy-four gallons of whiskey, at one dollar and fifteen cents per gallon, of the value of two hundred dollars, and two hundred and twenty-eight gallons of whiskey at one dollar and seventy-five cents per gallon, of the value of four hundred dollars, and seventy gallons of brandy at three dollars per gallon, of the value of two hundred and ten dollars; all of which, it is alleged, he has in his possession, and which should be delivered by him to the plaintiffs under said award, all of which remains due and wholly unpaid, to their damage one thousand dollars, wherefore, &c.

The first defensive movement made by the defendants was an application to the court to compel the plaintiffs to separate and divide their complaint into paragraphs, in such manner as that each paragraph might state but one cause of action, in plain and concise language, &c.

This motion the court overruled, and the defendants excepted. Conceding that the plaintiffs might have sued Epaphias Hawes alone on the agreement, we think it does not follow that they might not sue him and his security on the bond by which they obligated themselves for the performance of the award. The instruments, being executed at the same time, and relating to the same matter, are really only one contract. It was probably unnecessary to make the agreement, as the bond might have been sufficient of itself; and so it may have been unnecessary to set out the agreement in suing on the bond. But we think there was no good reason for sustaining the motion, and that the court did right in overruling it.

The defendants then demurred separately to the complaint, for the reason that it did not state facts sufficient to constitute a cause of action.

These demurrers were overruled, and this constitutes the second alleged error.

It is clear that the submision and award cannot be sustained as being in accordance with the statute on the subject of arbitrations. The submission was not made a rule of any "designated" court, and the award was not attested as required by the statute. 2 G. & H. 343, sec. 3, and 344 sec. 9.

But we think it may be sustained as a common law arbitration. The criterion by which to distinguish the one from the other, as recognized in the rulings of this court heretofore made, depends on the fact whether the parties have or have not agreed to make the submission a rule of some designated court. *Estep* v. *Larsh*, 16 Ind. 82, and cases there cited. Also, *Hedricks* v. *Judy*, 23 Ind. 548; *Titus* v. *Scantling*, 4 Blackf. 89; *Coffin* v. *Woody*, 5 Blackf. 423.

The defendants answered the complaint in three paragraphs; first, admitting the execution of the agreement and the bond and the making of the award, they say that the arbitrators so imperfectly executed their powers that a mutual, final, and definite award was not made; that the paper purporting to be such is void for uncertainty, and does not give the plaintiffs any claim or cause of action against the defendants.

This paragraph was striken out on motion of the plaintiffs, and we think correctly. It pleaded matter of law, and not facts. The legal questions had been raised and decided on demurrer. The general denial was in.

For second paragraph, the defendants, after admitting as in the first paragraph, say that the arbitrators found that there was due to the plaintiffs from the copartnership of Coombs, Jackson, & Hawes the sum of one thousand and ten dollars, for which they were awarded, out of the copartnership assets, five hundred and sixteen gallons of whiskey and seventy gallons of brandy; and that there was due the said

Epaphias Hawes from the said copartnership the sum of one thousand and five dollars, for which sum he was awarded out of the copartnership assets seven hundred and fifty-seven gallons of whiskey and thirty-five gallons of brandy; and that at the time of said arbitration said copartnership was possessed of eleven hundred and forty-one and one-half gallons of whiskey and one hundred and ten gallons of brandy, and no more; that of said whiskey said Coombs and Jackson had in their posession at the time of the award two hundred and eighty gallons, and of the brandy ninety-two gallons; and said Epaphias Hawes at the same time had in his possession eight hundred and sixty-one and one-half gallons of said whiskey and eighteen gallons of brandy; and they say that under the said award said Epaphias Hawes was entitled to have and retain seven hundred and fifty-one gallons of whiskey then in his possession, as his own exclusive property, and that said Coombs and Jackson had no claim whatever, under the award, to any of the whiskey then in his possession, except as to the surplus over and above seven hundred and fifty-one gallons, of one hundred and ten and one-half gallons; that under the terms of said award said Epaphias Hawes was entitled to retain the eighteen gallons of brandy then in his possession as his own property, and have of said Coombs and Jackson seventeen gallons of that in their possession; that the said Coombs and Jackson have not delivered or offered to deliver to said Epaphias Hawes said seventeen gallons of brandy so awarded to him and in their possession as aforesaid, or any part of it; and that they cannot force him to comply with the award until they have complied or offered to comply on their part; and that said Epaphias Hawes had been and then was ready and willing to comply with the terms of said award upon a compliance therewith by Coombs and Jackson.

There was a demurrer filed by the plaintiffs to this paragraph and sustained by the court.

If the submission in the case had been made only for the purpose of dividing between the parties the spirits in their

possession, and the arbitrators could not, in their award, have gone beyond 'the quantity on hand, there might be some reason for holding this paragraph good. But the submission was to "arbitrate the differences now existing between us in the following manner, consisting of all our partnership business, comprising the manufacture of spirits, lumber, hominy,. meal, pork," &c. We must infer that the arbitrators adjusted all the said matters of difference, and that the award was the result of such adjustment. That part of the paragraph alleging a readiness to perform the award on the part of Epaphias Hawes upon a compliance therewith by Coombs and Jackson does not make it good. If he had alleged performance or tender of performance before suit, it might have been good. There are only two cases in which the plaintiff must even suggest performance on his part; the first is, when the part awarded to be done by him is void, and cannot be enforced by the law, and unless he avers performance the defendant may object to the whole award for want of mutuality. The second is, where by the terms of the award performance on the part of the plaintiff is a condition precedent to that on the part of the defendant; for then he must show that he has done everything necessary to entitle him to call on the opposite party. But tender by the plaintiff and refusal by the defenant will be sufficient, unless the thing to be done by the plaintiff can be done without the concurrence of the other. Kyd on Awards, 287.

Besides this, the defendants pleaded for a third paragraph of their answer the general denial, under which the question of performance or offer of performance, by the plaintiffs might be controverted.

There was a trial by the court, without the intervention of a jury, on the issue formed by the general denial, and a finding and judgment for the plaintiffs, over a motion for a new trial.

A question is raised as to the correctness of the ruling of the court in admitting in evidence the agreement, bond, and award, over the objection of the defendants. We are

unable to see that there was any error in this ruling.    Their
execution was not denied by the pleadings.    They had been
held, on demurrer to the complaint, to be a sufficient cause
of action, and were properly admitted in evidence.

Upon the question of the sufficiency of the evidence, we
cannot reverse the judgment of the court below.    The evi-
dence shows that when the defendant Hawes was requested
to perform the award, he first said he would not say whether
he would or would not, but when the plaintiffs told him that
they would send a constable to make the demand of him,
he said to the plaintiffs, that it was not necessary to send a
constable, as he had determined that he would not abide the
award.    This occurred after the award was made and served
on the parties, and before the suit.    It would seem not to
have been necessary for the plaintiffs to make any further
demand or offer of performance.

If we have not fully met all the questions raised by the
assignment of errors, we hope the counsel for the appellants,
for not having furnished us their views in a brief, will con-
sent to share the blame with us.

The judgment is affirmed, with five per cent. damages and
costs.

*G. V. Howk, R. M. Weir, C. P. Ferguson,* and *W. W. Tuley,*
for appellants.

*J. H. Stotsenburg* and *T. M. Brown,* for appellees.