## BARTLETT *v*. ADAMS.

DEMAND.—*Waiver*.—Where a demand is necessary before bringing suit, if, when a demand is made, a specific objection is made as a reason for not complying with the demand, all other objections, which if made might be readily obviated. are waived.

SAME.—*Partition Fence*.—Where a defendant had enclosed his theretofore unenclosed land, and by so doing a fence owned by the plaintiff became a partition fence, and the plaintiff thereafter called upon the defendant and demanded pay for one-half of the value of such partition fence, and the defendant did not object that the value had not been estimated, but denied his liability and stated that he would pay no amount whatever, such refusal waived an estimate of the value as a prerequisite to the maintenance of an action.

From the Henry Circuit Court.

*J. Brown, J. M. Brown, L. Benson,* and *R. L. Polk,* for appellant.

*M. E. Forkner* and *E. H. Bundy,* for appellee.

OSBORN, J.—This was an action to recover one-half the value of a partition fence. It was commenced before a justice of the peace. It is alleged in the complaint, that the parties to the action are the owners of adjoining land; that the appellant, who was the plaintiff below, built a fence along the line dividing their land, after which the appellee enclosed his land, making the fence so built by the appellant a partition fence; that the appellee refused to keep up his part or pay appellant for the fence.

Judgment was rendered for the plaintiff before the justice. The defendant appealed to the circuit court, where there was a jury trial, verdict for defendant, motion for a new trial overruled, exceptions and final judgment on the verdict against the plaintiff. The error assigned is in overruling the motion for a new trial.

A bill of exceptions sets out all the evidence and the instructions given and refused.

The court instructed the jury that the plaintiff could not recover, unless before bringing the action he had estimated the value of the fence, and notified the defendant of the value of one-half of it, and that the defendant had refused to pay the same; that a demand upon the defendant to pay one-half of the value of the fence, without stating the amount of his estimate of one-half of the value thereof, and a refusal to pay by the defendant, would not be sufficient; that it was the duty of the plaintiff, before bringing the suit, to estimate the amount of half the value of the fence, and notify the defendant of such value, and if he had not done so, the jury must find for the defendant; that before the plaintiff could recover one-half the value of the fence in controversy, it was incumbent upon him to prove that prior to the bringing of the action, he made a demand upon the

defendant for a specific sum, as his estimation of one-half the value of the fence.

The court refused to instruct the jury, that if they believed from the evidence that the defendant enclosed his theretofore unenclosed land, and by so doing, a fence owned by the plaintiff thereby became a partition fence, and that the plaintiff, after such enclosure. had been made, called upon the defendant and demanded pay for one-half of the value of such partition fence, and thereupon the defendant stated that he would pay no amount whatever, such refusal would dispense with any estimate being made by the plaintiff as a prerequisite to the maintenance of the action.

Sec. 20, 1 G. & H. 344, reads as follows: "When, by inclosure of uninclosed land, a fence already erected shall become a partition fence, the person making such inclosure shall pay to the owner of the fence the value of one-half of the same, as estimated by the owner." Sec. 21 reads as follows: " If he refuse, the owner may bring suit for the same. But if the person making the inclosure shall have tendered to him before trial, an amount equal to, or larger than the damages awarded, together with costs accrued up to the date of tender, the owner of the fence shall pay costs, and have only the damages assessed.",

Conceding, without deciding, that the appellee was not bound to pay the owner of the fence the value of one-half of the same, until he had estimated it and notified him of the amount, we think he could waive it. The general rule in such cases is, that, if when a demand is made, a specific objection is made as a reason for not complying with the demand, all others, which if made might be readily obviated, are waived. *Embden* v. *Augusta*, 12 Mass. 307. The notice in that case by the overseers of the poor of the town of Embden to the overseers of the town of Augusta was held to be too general, but it was also held that it was waived by making the point in dispute the settlement of the paupers. In *Gerrish* v. *Norris*, 9 Cush. 167, it was held

that " if a party, who is, by his covenant, bound to receive a deed from another, makes specific objections to the deed, this is a waiver of all others that are of such a nature that, if stated by the party, they might have been obviated by him who was to deliver the deed." In *Francis v. The Ocean Insurance Company*, 6 Cow. 404, it was held in an action upon a policy of insurance upon a ship, that if the underwriters, when applied to for payment for a total loss, replied, that they would not settle the claim in any way, it was a waiver of preliminary proof of interest in the assured. See *Hawes v. Coombs*, 34 Ind. 455.

If the appellee, when called upon to pay for one-half of the value of the fence, did not object that the value had not been estimated, but denied his liability, and stated that he would pay no amount whatever, we think that was a waiver of the estimate of the value of the fence by the appellant. It was an avowal that he resisted the payment upon the ground that he was not liable to pay anything, and not because the amount was not estimated.

The instruction should have been given.

The judgment of the said Henry Circuit Court is reversed, with costs, with instructions to grant a new trial, and for further proceedings in accordance with this opinion.