## SANFORD ET AL. *v.* WOOD.

ARBITRATION.—*Award.*—*Umpire.*—By a parol agreement to submit a matter in controversy to the arbitration of two persons, it was stipulated that, in case they could not agree, they should select an umpire, and that the decision of such umpire and any of said arbitrators should be final, etc.

*Held,* that the decision of the umpire was all that was required. If one or both the arbitrators had agreed with him, it would still have been the decision of the umpire.

PLEADING.—*Award.*—*Filing Copy of.*—Where a written award is pleaded, although made in a common law arbitration, a copy of the award must be filed with the pleading.

MARRIED WOMAN.—*Contract.*—*Set-Off.*—When a married woman receives money on a parol contract for the sale of her lands, but fails to convey, a personal action cannot be sustained against her to recover the money so paid; nor can it be made a matter of set-off in an action on a promissory note brought by such married woman against the party who has paid such money.

From the Elkhart Circuit Court.

*W. A. Woods,* for appellants.

*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

BUSKIRK, C. J.—This was an action upon a promissory note executed by the appellants and payable to the appellee.

The answer was in one paragraph, by way of set-off. It averred that the note sued on was made by Robert Sanford, as principal, and by Henry Sanford, as surety; that the plaintiff was indebted to Robert in the sum of two hundred dollars, for money paid by said Robert to plaintiff upon a parol executory contract for the sale of certain real estate by plaintiff, which she owned in her own right, to said Robert; that the plaintiff had annulled the agreement and refused to convey, and had invested the money so paid to her in the purchase of lands in Iowa for her own separate use, and had refused to repay the money so paid to her on said contract.

There was a reply in three paragraphs:

1. That prior to the institution of this suit, the said alleged cause of action mentioned in the answer of defendants, and all

and singular the rights and liabilities of the plaintiff and defendant Robert Sanford, growing out of and relating to said alleged purchase and sale of real estate in the answer mentioned, were, by the parol agreement of the plaintiff and the defendant Robert Sanford, submitted to the arbitrament and award of Edson Gregory and William B. Gorman ; and it was further agreed that if said Gregory and Gorman failed, or were unable to agree, then and in that case said arbitrators should call in and select a third person to act as umpire, and the decision of said umpire and any of said arbitrators should be final and conclusive on the rights of the parties hereto ; and the plaintiff avers that said Gregory and Gorman took upon themselves the burden of said arbitration, and having heard and considered the matters so as aforesaid submitted to them, found themselves unable to agree and decide said matters ; they called in and selected as an umpire, or referee, one Isaac Bucklen, and thereupon said Bucklen, having been sufficiently advised in the premises, decided and awarded that the plaintiff owed, and in nothing was indebted to said Robert Sanford, growing out of any of the matters and things in said answer contained ; and said Bucklen and Gregory served a copy of their said award in writing on the said Robert Sanford ; wherefore, etc.

And for a second and further reply in this behalf, the said plaintiff avers, that at and before the alleged contract and agreement to sell the lands mentioned in the answer were made, and at and before the payment to her of said two hundred dollars, she, the said plaintiff, was a married woman, and was the wife of Charles Wood, and she has remained the wife of said Wood from thence hitherto.

And for a third and further reply in this behalf, the said plaintiff avers, that long before the happening of the matters and things in the answer mentioned, and for more than twenty years last past, she has been the wife of one Charles Wood, and during all the time aforesaid down to the present time, she has been under coverture ; and she avers that after having received the said sum of two hundred dollars, she bought.

lands in Iowa, and paid on said lands said two hundred dollars; and the said Robert Sanford having failed and refused to take said lands so bargained by this' plaintiff to him, she, the said plaintiff, was unable to comply with the terms of her bargain for said Iowa lands, and she thereby, through said Sanford, defendant, entirely lost said sum of money so paid; wherefore, etc.

Demurrers were overruled to each paragraph of the reply, and this ruling is assigned for error.

Three objections are urged to the first paragraph of the reply:

1. That it does not appear that the right of the appellee to retain the two hundred dollars after the rescission of the contract was submitted to the arbitrators, but only her rights on the theory that the contract was still in force.

We think the objection is untenable. The reply says, that " all and singular the rights and liabilities of the plaintiff and defendant Robert Sanford, growing out of, or relating to, said alleged purchase and sale of real estate in the answer mentioned, were," etc.

2. That the only award made was by the umpire, when by the agreement the decision of the umpire and one of the arbitrators was required.

The decision of the umpire was all that was required. If one or both of the arbitrators had agreed with him in his decision, it would still have been the decision of the umpire. *Kile* v. *Chapin*, 9 Ind. 150 ; *Baker* v. *Farmbrough*, 43 Ind. 240.

3. The third objection is, that a copy of the award was not filed with and made a part of the reply.

It was held, in *Hays* v. *Miller*, 12 Ind. 187, that, in a suit upon an award, a copy of such award should be filed with the complaint. It is, however, contended by counsel for appellee, that an award is in the nature of a judgment, and that, under the ruling in *Lytle* v. *Lytle*, 37 Ind. 281, and *Brooks* v. *Harris*, 41 Ind.. 390, it was not necessary to file a copy. We do not think an award comes within the rule laid down in the above cases.

It is further insisted by counsel for appellee, that, as this was a common law award, it need not have been in writing. It is true, the award would have been valid without being in writing. *Titus* v. *Scantling*, 4 Blackf. 89 ; *Smith* v. *Stewart*, 5 Ind. 220 ; *Kile* v. *Chapin, supra ; Saunders* v. *Heaton*, 12 Ind. 20 ; *Carson* v. *Earlywine*, 14 Ind. 256. But the award having been reduced to writing, it became a written instrument within the meaning of our statute, and we think the award or a copy of it should have been filed with the reply. The first paragraph of the reply was based upon the award.

The second and third paragraphs present the same question, and that is, whether upon the facts of the case there is any liability against the appellee, connected with and growing out of the parol executory contract for the sale of real estate. The money advanced to the appellee upon such contract cannot be a valid set-off, unless it could have been recovered in a direct action by Robert Sanford against the appellee. *Curran* v. *Curran*, 40 Ind. 473.

A set-off consists of matter arising out of debt, duty, or contract. At the time of making the contract, the appellee was a married woman, and might have conveyed the property by her husband joining with her. The question as to when and under what circumstances a married woman may create a lien upon her separate real property is not before us, and we decide nothing in reference thereto. The question is, whether there is a personal liability against the appellee. If the appellee could have rendered herself liable by an express contract, then there may be an implied obligation. It is well settled, by repeated decisions of this court, that the appellee would not have been liable if she had given her note, and had thereby expressly agreed to pay the money so advanced to her. *Johnson* v. *Tutewiler*, 35 Ind. 353 ; *Hasheagen* v. *Specker*, 36 Ind. 413 ; *Black* v. *Rogers*, 36 Ind. 420 ; *Moreau* v. *Branson*, 37 Ind. 195 ; *Cook* v. *Walton*, 38 Ind. 228 ; *Capp* v. *Stewart*, 38 Ind. 479 ; *Mattox* v. *Hightshue*, 39 Ind. 95.

In the case last cited, it was held, that one who has pur-

chased real estate from a married woman who had no power to sell or convey has no lien on the land to secure the repayment of the purchase-money ; nor has he any right to retain possession until he is repaid the amount paid upon the void contract of purchase.

In the present case, the agreement was void and could not have been enforced against either party. As the appellee could not have rendered herself personally liable by an express agreement to pay the money advanced to her upon such contract, there can be no implied obligation against her.

The court committed no error in overruling the demurrer to the second and third paragraphs of the reply.

For the error of the court in overruling the demurrer to the first paragraph of the reply, the judgment must be reversed. The evidence is not in the record, and hence we cannot say that the finding and judgment proceeded wholly upon the second and third paragraphs.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the first paragraph of the reply, and for further proceedings in accordance with this opinion.