## McCoy v. Reck.

PLEADING.—*Replevin.*—A complaint in an action for the recovery of the possession of personal property, commenced before a justice of the peace, which does not allege, as required by section 71, 2 G. & H. 598, that the property has not been taken by virtue of any execution or other writ against the plaintiff, or, if it has been so taken, that the same is exempt from execution, is bad on demurrer.

SAME.—A complaint in an action for the recovery of the possession of personal property, which alleges that such property was given by the plaintiff to the defendant in exchange for other personal property upon false and fraudulent representations made by the defendant, set out in the complaint, but which does not allege the rescission of the contract of exchange, is bad on demurrer.

From the Spencer Circuit Court.

*C. L. Wedding* and *R. G. Evans,* for appellant.

*L. Q. & C. A. DeBruler* and *L. D. Abbott,* for appellee.

DOWNEY, J.—Replevin commenced before a justice of the peace, by the appellee, against the appellant, to recover two mules.

The complaint, which is quite informal, states that the plaintiff traded the mules to the defendant for two horses, alleges that the defendant fraudulently represented the horses to be sound, knowing that they were unsound and diseased with stiffness, broken wind, and thrumps, and alleges that they are worthless. The plaintiff therefore avers that he is the owner and entitled to the possession of the mules, of which the defendant has possession without right, and which he unlawfully detains from the plaintiff.

The value of the mules is alleged to be one hundred and fifty dollars, as the complaint appears in the record. What judgment was rendered before the justice of the peace, does not appear. The case, however, found its way into the circuit court, where there was a demurrer to the complaint, which was overruled. Trial by jury, and verdict and judgment for the plaintiff.

The action of the court in overruling the demurrer to the complaint is assigned as error.

We think the complaint is insufficient. It does not conform to section 71, 2 G. & H. 598, which governs the case. That section requires the complaint to show that the property " has not been taken by virtue of any execution or other writ," etc. The complaint does not contain this allegation. The complaint does not allege any rescission of the contract of exchange.

Other questions are argued, but they need not be decided.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.