Filed Nov. 12, 1890.

———————◆———————

No. 14,525.

## THE TERRE HAUTE AND LOGANSPORT RAILROAD COMPANY *v.* HARRIS.

RAILROAD.—*Right of Way.—Appropriation of Land for.—Action for Damages.—Arbitration.—Sufficiency of Answer Pleaded.—Authority of Agent.—* In an action for the recovery of damages occasioned by the appropriation of the plaintiff's land for the right of way for a railroad track, an answer is good which alleges that the defendant corporation employed one T. to obtain the right of way for its road, and to construct its roadbed over the lands of the plaintiff; that the road-bed was constructed over and across said land under a license so to do, but without any assessment or agreement in relation to the damages occasioned thereby; that afterward T. and the plaintiff agreed, in writing, to submit the question of damages to certain arbitrators named therein, and to abide

by their assessment, the plaintiff agreeing to execute to the defendant corporation a written release to said right of way, and T. agreeing to pay the plaintiff the amount of damages so assessed upon the execution of such release; that the arbitrators made the assessment of damages; that T. has, at all times since said assessment was made, been ready and willing to pay the same upon the execution of said release, and before the commencement of the action tendered to the plaintiff, which he refused to accept. It sufficiently appears from the answers that T. had authority to act for the defendant corporation in the premises, and that the latter was willing to abide by the submission made by him.

SAME.—*Submission to Arbitration.—Effect of.*—The submission of the cause of action set up in the complaint to arbitration and award thereon is a bar to such cause of action, though the award has not been performed.

From the Marshall Circuit Court.

*H. Corbin* and *J. G. Williams,* for appellant.

*J. D. McLaren* and *E. C. Martindale,* for appellee.

COFFEY, J.—The complaint in this cause consists of two paragraphs. The first is a complaint in ejectment, in the usual and ordinary form. The second seeks to recover from the appellant damages occasioned by the appropriation of the land therein described for the right of way for a railroad track, and the use of the same for that purpose.

The third paragraph of the appellant's answer avers that the appellant employed one Toner to obtain the right of way for its road, and to construct its road-bed over the lands of the appellee; that the road-bed was constructed over and across said land, under a license so to do, but without any assessment, or agreement, in relation to the damages occasioned thereby; that on the 14th day of October, 1887, the said Toner and the appellee entered into a written agreement, by the terms of which they agreed to, and did, submit the question of damages occasioned by the construction of said road to Charles E. Toan and D. A. Snyder, and agreed to abide by the assessment so made by them; that the appellee agreed to execute to appellant a written release to said right of way, and that the said Toner agreed to pay the appellee upon the execution of said right of way the amount of dam-

ages so assessed by the said Toan and Snyder; that on the 17th day of October, 1887, said Toan and Snyder met and assessed said damages at the sum of one hundred dollars, and made and signed a written statement thereof; that said Toner has at all times since said assessment was so made, been ready and willing to pay said sum of one hundred dollars upon the execution of said release, and before the commencement of this suit tendered to the appellee said sum, which the appellee refused. Copies of said agreement and written award are filed with and made a part of this answer.

The court overruled a demurrer to this answer, whereupon the appellee replied by a general denial.

A trial of the cause, by a jury, resulted in a verdict for the appellee for the sum of three hundred dollars, upon which the court, over a motion for a new trial, rendered judgment.

The appellant, by a proper assignment of error, calls in question the ruling of the circuit court in overruling its motion for a new trial; while the appellee, by assignment of cross-error, calls in question the propriety of the decision in overruling the demurrer to the third paragraph of the answer.

The first question, in the natural order, demanding consideration, is the question raised by the assignment of cross-error.

The facts disclosed by the third paragraph of the answer constitute a good common law arbitration. *Titus* v. *Scantling*, 4 Blackf. 89; *Hays* v. *Miller*, 12 Ind. 187; *Forqueron* v. *Van Meter*, 9 Ind. 270; *Coffin* v. *Woody*, 5 Blackf. 423; *Moore* v. *Barnett*, 17 Ind. 349.

The submission of the cause of action set up in the complaint to arbitration and the award thereon is a bar to such cause of action, though the award has not been performed. *Walters* v. *Hutchins*, 29 Ind. 136; *Armstrong* v. *Masten*, 11 Johns. 189; *Jessiman* v. *Haverhill, etc., Iron Manufactory*, 1 N. H. 68.

This answer, therefore, constitutes a complete defence to

the cause of action contained in the second paragraph of the appellee's complaint, provided it is sufficiently shown that the appellant stood in a situation to avail itself of the submission and award. If Toner was a mere stranger and volunteer, with no power to bind the appellant, the arbitration and award would be no defence for the appellant, unless it afterwards ratified his action.

But even if Toner had no interest in the controversy, and no power to bind the appellant, as he acted upon its behalf, and for its benefit, if it afterwards ratified his conduct, the submission and award became binding on both it and the appellee.    6 Wait Actions and Defences, pp. 506, 510.

It is important, therefore, to a correct decision of the question before us, to ascertain the relation in which the appellant stood to the matter submitted to arbitration.

The agreement to submit the damages in controversy to arbitration is signed by Toner and the appellee, and is filed with and made a part of this answer.

This agreement recites the fact that the appellee was about to institute suit against the appellant to recover damages on account of the appropriation of the land described in the complaint, for the construction of its road, without first causing the damages to be assessed and tendered; that the road was constructed by Toner, who had obligated himself to the appellant to obtain the right of way for the construction of the road, and had failed to obtain such right over the lands of the appellee; and that to prevent litigation, and delay, and the expense incident thereto, the question of the amount of damages sustained by the appellee on account of such appropriation is submitted to two citizens of Marshall county, named in the agreement.

As to the facts recited in the agreement, the parties must be held as concluded.    *Forqueron* v. *Van Meter, supra.*

It will thus be seen that the appellant was directly interested in the settlement of the matters submitted to arbitration by the appellee and Toner.    The amount of dam-

Terre Haute and Logansport Railroad Company *v.* Harris.

ages sustained by the appellee on account of the appropriation of his land for the use of the appellant's road was a claim against the appellant which it was bound to pay.

It further appears that Toner was authorized by the appellant to procure the right of way for its road, and the appellant is now here, claiming the benefit of the award, thus fully ratifying Toner's action. In our opinion it not only sufficiently appears that Toner had authority to act for the appellant, but that the appellant is willing to abide by the submission made by him. The third paragraph of the answer, we think, states facts sufficient to bar the cause of action set up in the second paragraph of the complaint.

The evidence in the cause fully sustains the material averments in this answer. Indeed there is no controversy about the fact that the claim for damages involved in this action was submitted to arbitrators, and an award made as averred in the answer, and that the award and the agreement to submit were at once delivered to, and retained by, the attorney of the appellee. Some controversy was made over the question of a tender to the appellee, and there is some conflict in the evidence upon that subject; but there is no controversy over the fact that the appellee is a non-resident of the State, and that the amount of the award was tendered to his attorney before the commencement of this suit.

In our opinion the verdict of the jury is not supported by the evidence.

Judgment reversed, with directions to grant a new trial.

Filed Nov. 13, 1890.