KILE      1833, p. 112.—R. S. 1843, c. 29, ss. 1, 8, 9.   These enact-
v.
CHAPIN.    ments were carefully examined in *Dickerson* v. *Nelson*,
4 Ind. R. 160, and the attention of the Court was again
called to them by petition for a rehearing.   *Dickerson* v.
*Nelson*, *id.* 280.   It was there held that certificates of pur-
chase or of final payment were evidence of legal title.

---

## KILE v. CHAPIN.

The signature of an umpire, to an award, is sufficient, with or without the sig-
natures of the arbitrators.

It is not necessary, nor perhaps proper in point of form, that arbitrators, after
calling in an umpire, should act in returning the award.

Strictly speaking, the return of an umpire is an *umpirage*, rather than an
award.

Where several arbitrators are appointed, and one refuses to act, the award of
the others will be valid.

If two arbitrators disagree and call in an umpire, and either or both decline to
act further, the umpirage will be valid, even though the umpire act upon the
narration of the arbitrators, without hearing evidence.

Under the old practice, if the defendant pleaded over, he waived his demurrer.

Issues settled by a jury will not be disturbed on the general assignment, that
the verdict is contrary to law and evidence, unless palpably wrong.

May Term,
1857.

KILE
v.
CHAPIN.

APPEAL from the *Vigo* Circuit Court.

Friday,
May 29.

STUART, J.—Suit by *Chapin* against *Kile* upon an award.
The action was commenced in 1851, under the old prac-
tice. Issues of fact were joined and submitted to a jury;
verdict and judgment for the plaintiff below. Motion for
a new trial overruled, and the evidence made part of the
record. *Kile* appeals.

The submission was to *Gookins* and *Holden.* They
could not agree. In accordance with the terms of submis-
sion, they chose *Hickcox* as umpire. The award is made
and returned by *Hickcox* and *Holden.* It is objected that
the award is invalid, because not signed by the three; and
*Philips* v. *Stickney*, 3 Met. 389, *Green* v. *Miller*, 6 Johns.
39, and other cases are referred to. So we have held.
7 Ind. R. 669 (1).

In the first of these cases, the submission was to *three*
arbitrators—in the second, to *five* arbitrators. The Court
held that an award by a less number was invalid. But the
facts are wholly different from the case at bar. Here, the
submission was to *two.* Upon their disagreement, they
exercised the power conferred by the submission to choose
a third. He was an umpire, and not an arbitrator. His
own signature to the award would have been sufficient.
Had the umpire and one or both arbitrators signed the
award, it would still have been the award of the umpire.
The act of the arbitrators in this behalf would have been
useless surplusage, which the Courts would disregard. It
was not necessary, nor in point of form, perhaps, proper,
that either of the arbitrators should act in returning the
award. *Soulsby* v. *Hodgson*, 3 Burr. 1474. In that case,
Lord MANSFIELD observed, that the Court were unanimous
and clear that it was the umpirage of the umpire only.
Strictly speaking, this is an umpirage rather than an

May Term,
1857.

KILE
v.
CHAPIN.

award; for the law regards it as the act of the umpire alone.

Even when several arbitrators are appointed by the parties, and one refuses to act, the award of the other arbitrators will be valid. For the law will not put it in the power of one arbitrator to defeat the submission by withdrawing from the trust. *Maynard* v. *Frederick*, 7 Cush. 251.— *Carpenter* v. *Wood*, 1 Met. 409.— *Yates* v. *Russell*, 17 Johns. 461.— *Haskell* v. *Whitney*, 12 Mass. R. 49.

It could make no difference if *Gookins* refused to act after the selection of the umpire. Had both the arbitrators declined to act further, it could have no effect on the validity of the umpirage. When the arbitrators had met, consulted, disagreed, and chosen an umpire, their duties were comparatively ended. It was for the umpire to determine the points of difference. Even when the umpire acts on the narration of arbitrators, without hearing evidence, it is good. *Hall* v. *Lawrence*, 4 T. R. 589.

There may be something in the wording of the submission, to affect the position of *Hickcox*. That language is, that the parties "select *Gookins* and *Holden* as arbitrators, who, in case of disagreement should select a third person, and that *they* should assess the value of the rents and profits, &c. Perhaps, under the ruling of this Court, in *Cones* v. *Vanosdol*, 4 Ind. R. 248, *Hickcox* might be regarded as an arbitrator. There, the language was stronger than here. The terms of submission were, that the matters of difference should be submitted to *Dobbins* and *Simmons*, with liberty, either before they entered upon arbitration, or at any time during the reference, to name an umpire, and that they, or a majority of them, should make their award, &c. The Court held that *Hite*, the third party thus named, and sitting and consulting with the others, was an arbitrator, and not an umpire. The distinction between an umpire and an arbitrator is pointed out in that case. Page 251.

So that if we regard *Hickcox* as an arbitrator, *Gookins* refusing to act, the award of *Hickcox* and *Holden* is valid under one class of the authorities above cited. If as an umpire, it is valid under the other class.

This is the main question in the case. *Hite's* pleading over, was, under the old practice (1851), a waiver of his demurrer to the complaint. The issues settled by the jury will not be disturbed on the general assignment, that the verdict is contrary to law and evidence, unless palpably wrong.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*J. P. Usher*, for the appellant.

*R. W. Thompson*, for the appellee.

May Term,
1857.
___

(1) *The Jeffersonville Railroad Co.* v. *Mounts.* It was there held, 1. That, at common law, an award, to be valid, must have been concurred in by all the arbitrators. 2. That under section 5 of "an act for the benefit of the *Ohio and Indianapolis Railroad Co.*" (Local Laws of 1849, p. 364,) there can be no valid award where all the arbitrators have not agreed thereto. 3. That the attestation of an award by a witness was essential, under the R. S. 1843, to its validity. 4. That where one of the arbitrators was absent when an award was agreed upon, and was not notified of the meeting at which it was made, the award was invalid under the R. S. 1843. 5. That the statutes of 1849 and 1843, *supra*, cannot be taken in *pari materia*.