## BAKER *v*. FARMBROUGH ET AL.

STATUTE OF FRAUDS.—*Earnest.*—In a contract for the sale of goods of the value of fifty dollars or more, where the purchaser pays a sum of money as earnest or part payment, such payment takes the sale out of the operation of the statute of frauds, and the contract may be proved by parol.

ARBITRATION.—*Award.*—Where in a common law arbitration the submission is to three, and there is no agreement that two may act and render an award, all three of the arbitrators must meet, hear the proofs, and sign the award, to render such award valid.

EVIDENCE.—*Conflict.*—Where there is a direct and irreconcilable conflict in the evidence, this court will not upon the evidence disturb the verdict of the jury.

From the Dearborn Common Pleas.

*J. Schwartz*, for appellant.

*Major & Major*, for appellees.

BUSKIRK, J.—This was an action by the appellees against the appellant, to recover damages for the breach of a contract for the sale of hogs.

The substantial allegations of the complaint are these: That the plaintiffs were, on the —— day of April, 1869, the owners of one hundred and seventy-one hogs, which were upon the farm of Farmbrough in Shelby county, Indiana; that such hogs had been previously weighed at Morgantown, and weighed, in gross weight, twenty-one thousand nine hundred and sixty-six pounds; that the plaintiffs on said day sold such hogs at said weight to the appellant, at six cents per pound, and the expense of driving them from Morgantown to the said. farm, which amounted to the sum of twenty-six dollars and fifteen cents; that at the time of the said purchase, the defendant paid thereon the sum of one hundred dollars, and promised to pay the balance in about eight days; that it was further agreed that until such payment was made the said hogs should remain on the said farm and be fed and taken care of by the plaintiffs, for which they should receive a reasonable compensation; that in about two days after the said sale, the said hogs were attacked with cholera, and that the defendant employed

Baker *v.* Farmbrough *et al.*

some one to cure the hogs of said disease, and that the plaintiffs at the request of the defendant continued to feed and take care of them; that the defendant left the said hogs at the said farm until the 15th of August, 1867; that forty-two of said hogs died of said disease; that the defendant, although often requested so to do refused to take said hogs and pay the balance due thereon; that on the day last aforesaid, the plaintiffs sold the residue of said hogs for one thousand and fifty-four dollars and fifty-five cents, being much less than the price for which they had been sold to the defendant; and that the plaintiffs were reasonably entitled to recover for feeding and taking care of said hogs the sum of four hundred and eighty dollars.

This suit was brought to recover the difference between the price for which the hogs were sold to the defendant and that at which they were afterward sold by the plaintiffs, and compensation for feeding and taking care of such hogs.

The defendant filed an answer consisting of three paragraphs. The first was in denial.

The second paragraph of the answer, by way of set-off or counter-claim, set up another contract concerning the sale of said hogs, and claimed a reimbursement of the one hundred dollars paid on such contract, and also damages for the failure of the plaintiffs to comply therewith; and it was averred that such contract was partly reduced to writing, but that by the mutual mistake and inadvertence of the parties, the name of the defendant was not inserted therein, and that other stipulations in reference to the weighing and place of delivering of said hogs were omitted.

There was a prayer for a reformation of said contract, so as to make it express the true intent and meaning of the parties, and a judgment for damages was demanded. The writing referred to was written in a blank book of the defendant's and was as follows;

" Bought of Farmbrough and Watts one hundred and seventy-one stock hogs; that they were here on Farmbrough's farm;

to make said hogs net them six dollars per hundred, at Morgantown. Also one hundred as good as the one hundred and seventy-one, to be delivered at Morgantown at six dollars per hundred. Rec'd on the above one hundred dollars. One hundred and seventy-one hogs to be delivered on cars.

" B. FARMBROUGH,

" M. WATTS."

The appellant asked to have the above memorandum amended by inserting his name therein, and by showing the one hundred and seventy-one lot of hogs were to be weighed on the scales of Daniel Bradly and delivered on the cars at Fairland, and that the lot of one hundred hogs was to be weighed at Morgantown and delivered on the cars at Fairland.

The third paragraph of the answer sets up the same matters as the second, and in addition thereto alleges that on the 21st day of January, 1870, the parties agreed, in writing, to submit the said matters in controversy between them to the arbitrament of Henry C. Morgan, Lewin B. Lewis, and James Hays; that afterward, upon notice to all of said arbitrators and the parties, the said Henry C. Morgan and Lewin B. Lewis met, but that the said James Hays failed to meet and act with them; that the plaintiffs failed to appear before the said two arbitrators, but that the defendant appeared before them and submitted said matters in controversy; and that said two arbitrators awarded to the defendant the sum of two hundred dollars in damages, a copy of which award was duly served upon the parties. A copy of the papers relating to the arbitration was filed with this paragraph of the answer.

The court sustained a demurrer to the third paragraph, and struck out of the second all that related to the written contract and the reformation thereof, to which proper exceptions were taken.

The cause was tried by a jury and resulted in a verdict in favor of the appellees for seven hundred and eighty-eight dollars and seventy-eight cents. The court, having overruled

Baker *v.* Faambrough *et al.*

a motion for a new trial, rendered judgment on the verdict.

The appellant has assigned for error the following:

1. The striking out of a portion of the second paragraph of the answer.

2. The sustaining of the demurrer to the third paragraph of the answer.

3. The overruling of the motion for a new trial.

Did the court err in striking out of the second paragraph of the answer so much thereof as sought a reformation of the memorandum of an agreement?

Counsel have discussed with much ability a question which in our opinion does not arise in the case, and that is, that the contract set up is within the statute of frauds; that the memorandum of agreement is so imperfect and defective, that it will not take it out of the operation of the statute; and that a contract which is required by the statute to be in writing, and which has been partly reduced to writing, cannot be reformed by parol proof showing the true meaning and intention of the parties.

It is provided by the 7th section of our statute of frauds, that "no contract for the sale of any goods, for the price of fifty dollars or more, shall be valid, unless the purchaser shall receive part of such property, or shall give something in earnest to bind the bargain, or in part payment, or unless some note or memorandum in writing of the bargain be made, and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized." 1 G. & H. 351.

By the above section, a sale of goods of the value of fifty dollars or more will be within the statute of frauds, unless one of three things is done. 1. Unless there shall be a delivery to the purchaser of a part of the goods sold; or, 2. Unless the purchaser shall give something in earnest to bind the bargain, or in part payment; or, 3. Unless there is a note or memorandum in writing signed by the party to be charged or by some person thereunto lawfully authorized. Either a part delivery of the goods, or part payment, or a

Baker *v.* Farmbrough *et al.*

note or memorandum of the sale, will take it out of the operation of the statute.

It is expressly alleged in the second paragraph of the answer, that the appellant at the time of the making of the contract gave as earnest to bind the bargain or as part payment the sum of one hundred dollars.   This took the sale out of the operation of the seventh section of the statute of frauds and rendered a reformation of such contract unnecessary.   The note or memorandum made by the appellant was so imperfect and defective as to be void under the statute; the contract rested solely in parol and might have been proved by parol, and it appearing from the evidence in the record that the appellant and appellees did in fact fully testify in reference thereto, the appellant was not injured by the action of the court in striking out such portion of the answer.   The court committed no error in sustaining the motion to strike out.

The question presented for our decision by the action of the court in sustaining a demurrer to the third paragraph of the answer is, whether, in a common law arbitration, where the submission is to three, and there is no agreement that two may act and render an award, two may meet and make a valid award.

It was held by this court in *The Jeffersonville Railroad Co.* v. *Mounts*, 7 Ind. 669, that in such a case, all three of the arbitrators must meet, hear the proof, and sign the award.

The case of *Kile* v. *Chapin*, 9 Ind. 150, is apparently, but not in reality, in conflict with the ruling in the above case. In that case the submission was to two, with an agreement in case they disagreed they were to select an umpire. The arbitrators disagreed and selected an umpire. The award was signed by the umpire and one of the arbitrators. The court, in speaking of the third person chosen, say: " He was an umpire, und not an arbitrator.   His own signature to the award would have been sufficient.   Had the umpire and one or both arbitrators signed the award, it would still have been the award of the umpire."

The court, having decided the point involved in the case, proceeded to say: "Even when several arbitrators are appointed by the parties, and one refuses to act, the award of the other arbitrators will be valid. For the law will not put it in the power of one arbitrator to defeat the submission by withdrawing from the trust. *Maynard* v. *Frederick*, 7 Cush. 251; *Carpenter* v. *Wood*, 1 Met. 409; *Yates* v. *Russell*, 17 Johns. 461; *Haskell* v. *Whitney*, 12 Mass. 49."

The record in the above case did not call for any expression of opinion upon the question passed upon in the quotation made therefrom. The question, not being before the court, was not, we are bound to presume, much considered by the court, or that the learned and usually very accurate judge who delivered the opinion of the court, in the haste of writing, omitted to state the qualification contained in the cases cited, that the award of the majority would be valid when it was so agreed by the parties. We have carefully examined the four cases cited as supporting the principle of law therein enunciated, and find that none of them sustain such a doctrine. In the first three cases cited, the submission was made to three arbitrators, with an express agreement in the submission "that the award so made up by said referees, or by a majority of them, should be final and binding upon both parties." All of the arbitrators acted, but the award was signed by only two of them. The court, in each of the cases, held the award valid, but in express terms stated that it would have been invalid but for the agreement of the parties that it might be made by a majority of the arbitrators.

No such question was involved or passed upon in the case of *Haskell* v. *Whitney*, *supra*. The question not being before the court, and the doctrine announced being unsupported by the cases cited, the above quoted passage cannot be regarded as an adjudication, but must be treated as a mere *dictum*.

The law on the question under examination is stated with great accuracy and completeness by Morse, in his recent and very excellent work on Arbitration and Award. He says,

on page 151; " It is an imperative rule that where the submission is to several arbitrators jointly, all must act together during the proceedings. All must be present throughout each and every meeting, equally whether the meeting be for hearing the evidence or arguments of the parties or for consultation or determination upon the award. The disputants are entitled to the exercise of the judgment and discretion, and to the benefit of the views, arguments, and influence, of each one of the persons whom they have chosen to judge between them ; and they are entitled to these, not only in the award, but at every stage of the arbitration."

The same author, on page 159, says : " If the withdrawal or refusal to act occurs at the outset, before any hearing has been had or any attempt at agreement can have been made or can have failed, it might reasonably be said that the tribunal chosen by the parties has been so far changed that they can no longer be bound by its decision. Authorities for this rule can be found only where references have been made by rule of court to referees. Then, though a majority may make a valid report, yet if one of the number refuses altogether to share in the proceedings and withdraws and absents himself from the beginning, the rule is said to be thereby discharged."

The same author, on page 162, says :

" Unless the statute or the submission, under which the arbitrators act and derive their authority, provide to a contrary effect, or unless a contrary intention of the parties can be clearly and unmistakably gathered from the submission and attendant facts, the rule is general and imperative that all the arbitrators must unite in the award in order to render it valid. A different rule is allowed to prevail in matters of public concern. Where persons are charged with the performance of public duties, the decision of a majority is usually accepted. So it is with a bench of judges, where the concurrence of a majority constitutes the decision of the court. But a submission to arbitration is a ' delegation of power for a mere private purpose,' and the ' concur-

Baker *v.* Farmbrough *et al.*

rence of all interested with the power is necessary to its due execution.' The rule is thoroughly established both in England and in the United States."

We are of the opinion that the court committed no error in sustaining the demurrer to the third paragraph of the complaint.

Did the court err in overruling the motion for a new trial? It is in the first place insisted that the damages assessed by the jury are excessive. The calculation of counsel for appellant is based solely upon the difference between the price for which the hogs were sold to the appellant, and that at which they were afterward sold by the appellees. This ignores any compensation to the appellees for feeding and taking care of the hogs between the two sales, under the contract set up in the complaint and which seems to have been sustained by the evidence.

It is in the next place claimed by counsel, that the verdict is not sustained by the evidence. The parties to the action were the principal witnesses, and there is a direct and irreconcilable conflict in the evidence. In such a case we cannot disturb the verdict.

The learned counsel who have briefed this case are usually very accurate, but in this case they have fallen into a habit that is becoming altogether too common with the profession, of referring to adjudged cases by the number and page of the volume, without giving the names of the parties. If there is a mistake made in the volume or page, we have no adequate means of finding the cases, but if the names of the parties are given we can usually find the cases, although there may be a mistake in the volume and page. Our labors would be greatly lightened and an examination of the cases relied upon secured, if counsel would, in citing authorities, give the names of the parties, the number of the volume and the page, and in referring to text books would give the edition and whether the reference is to the top or side paging.

The judgment is affirmed, with costs.