Filed Dec. 7, 1886.

<hr />

No. 11,910.

## BYARD v. HARKRIDER.

PLEADING.—*Complaint.*— *When Specific Averment of Essential Fact Not Necessary.*—A complaint is not bad on demurrer for the want of a specific averment of an essential fact, where such fact is plainly apparent from other facts pleaded.

SAME.—*Surplusage.*—The averment of matter for which a recovery can not

be had in the action as brought will not vitiate a complaint which states a good cause of action exclusive of such averment.

EVIDENCE.—*Objections to Admission of.*—*Practice.*—An objection to the admission of evidence, that it is "incompetent, immaterial and irrelevant," is too general to present any question.

ARBITRATION.—*Submission to Three Persons.*—*When Award by Two Invalid.*—Where, in a common law arbitration, under a written agreement, the submission of the matters in dispute is to three citizens, and there is no agreement that two may act and render an award, all three must meet, hear the proofs and sign the award, to render it valid.

From the Newton Circuit Court.

*J. T. Brown, G. H. Stewart, D. E. Straight* and *U. Z. Wiley,* for appellant.

*M. H. Walker, I. H. Phares* and *D. Fraser,* for appellee.

HOWK, J.—The first error of which complaint is here made by appellant, the defendant below, is thus assigned upon the record of this cause: "The court erred in overruling the demurrers to the first and second paragraphs of the complaint."

Appellee's complaint herein contained three paragraphs. Appellant's assignment of error, however, only calls in question the sufficiency of the first and second paragraphs of the complaint. There was no demurrer below to the third paragraph of complaint, nor is its sufficiency challenged here by any assignment of error.

In the first paragraph of his complaint appellee alleged that on the 18th day of March, 1882, appellant sold appellee a black stallion, for which he paid appellant the sum of $500; that appellant falsely and fraudulently represented said horse to be a sure foal-getter, knowing the same not to be a sure foal-getter, and well knowing, at the time said representations were made, that said horse was utterly barren and incapable of getting colts; that appellee stood said horse for the year 1882, and advertised the same; that said horse was patronized extensively by the public, who put to him 94 mares, which mares were fruitful and were covered by said horse during the spring, summer and fall of 1882; that none of said mares

became with foal by said horse; that said horse was utterly barren and unprolific at the time of said sale, and utterly incapable of getting any mares with foal; that appellee relied upon the statements and representations made by appellant, believing the same to be true; that the defects and reasons why said horse was so unprolific and barren were of such a character that they could not be detected by a person of ordinary prudence and skill, exercising ordinary care; that said horse was unsound, and for reasons unknown to appellee at the time of the sale, but well known to appellant, unprolific and barren; and that appellee had no means, at or before the time of said purchase, of ascertaining that said horse was so unprolific, but that said facts were well known to appellant, who concealed the same from appellee. Wherefore, etc.

The only objection urged by appellant's counsel in argument, to the first paragraph of complaint, is, "that it does not allege that the horse was purchased for breeding purposes." It is true, that the paragraph does not contain any direct allegation to that effect; but, taking all the facts stated therein together, we think the paragraph shows with certainty, sufficient to withstand appellant's demurrer thereto, that the horse was purchased by appellee for breeding purposes. Perhaps, if appellant had moved the court to have the paragraph made more specific on that point, it would have been error to have overruled such motion; but there was no error in overruling his demurrer to the paragraph of complaint.

The second paragraph of complaint is founded on the same transaction, and states substantially the same facts as are set forth in the first paragraph, but in different order and phraseology, and with this additional averment: That said horse was entirely useless to appellee, and of no value whatever, and appellee had expended large sums of money and incurred great pecuniary loss in keeping and taking care of said horse, and in hiring help in and about feeding and taking care of said horse, all in the sum of $1,000, for which he demanded judgment.

In discussing the alleged error of the court, in overruling the demurrer to the second paragraph of complaint, the only point made by appellant's counsel is, that the appellee, in the additional averment above set out, seeks to recover expenses incurred in caring for and keeping the horse, and that such expenses can not be recovered, in an action against the seller of personal property for false representations, or on a breach of warranty. If this were conceded to be true, precisely as counsel have stated it, yet such additional averment would not vitiate the second paragraph of complaint, which states a good cause of action, exclusive of such averment, and, therefore, the demurrer to such second paragraph was correctly overruled.

Under the alleged error of the court, in overruling appellant's motion for a new trial, appellant's counsel first complain of certain alleged errors of law, occurring at the trial, in overruling their objections to a certain question propounded by appellee to different witnesses, and in permitting each witness to answer such question. This question was substantially as follows: What did appellant and appellee do and say, at the office in appellee's stable, when the notes were executed to appellant for the horse, in March, 1882? To this question, propounded, in substance, by appellee to a number of witnesses, appellant objected upon the general ground, in every instance, that the question was "incompetent, immaterial and irrelevant." Appellee's counsel earnestly insist that this objection to the question, propounded by him to the several witnesses, was correctly overruled for the reason that the objection was not sufficiently certain and specific, in its terms, to indicate to the trial court, or to this court, what were appellant's real grounds of objection to such question. The point thus made by appellee's counsel seems to be well made, and is supported by our previous decisions. *Stanley* v. *Sutherland*, 54 Ind. 339 ; *Lake Erie, etc., R. W. Co.* v. *Parker*, 94 Ind. 91 ; *Forbing* v. *Weber*, 99 Ind.

588; *Shafer* v. *Ferguson*, 103 Ind. 90 ; *Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409.

In the case last cited it is said : " So far as the statement of the objection urges that the testimony was incompetent and immaterial, it is not entitled to consideration on appeal, for the reason that it is not sufficiently specific. General objections of this character present no available questions."

It is further claimed on behalf of the appellant, that the verdict of the jury was not sustained by sufficient evidence, and that it was contrary to law, and that, for these causes, his motion for a new trial ought to have been sustained. Before considering these causes for a new trial, it is proper that we should state the issues in the case, which were submitted to the jury for trial. Appellant answered the appellee's complaint in two paragraphs, of which the first paragraph was a general denial of the material allegations of his complaint.

In the second paragraph of his answer, appellant alleged that, by virtue of a written agreement, a copy of which was filed with and made part of such paragraph, all the matters, controversies, differences and disputes, by and between appellee and appellant, in reference to the purchase and sale of a certain stallion, being the self-same matters and things that were stated in appellee's complaint herein, were submitted to a board of arbitrators jointly chosen by appellee and appellant; that said board of arbitrators heard all the evidence and arguments, in said submitted cause, and returned an award for appellant, a copy of which award was made a part of such paragraph of answer by being attached thereto; that subsequently to entering into such agreement of submission, and before the board of arbitrators met to hear said cause, it was agreed by and between appellee and appellant, that the award of a majority of said board should be final; and that appellant had complied with such award in all respects and particulars. Wherefore, etc.

To this second paragraph of answer appellee replied by a general denial.

So far as the issue joined by the first paragraph of answer, in denial of the complaint, is concerned, the case rests upon conflicting evidence, and, of course, the verdict of the jury and the judgment of the trial court, under the established practice of this court, can not and will not be disturbed here on what might seem to be the preponderance of the evidence. This is settled by a long line of our decisions. *Rudolph* v. *Lane*, 57 Ind. 115; *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73; *Ketcham* v. *Barbour*, 102 Ind. 576; *Smith* v. *Smith*, 106 Ind. 43; *Allyn* v. *Allyn*, ante, p. 327.

It is claimed, however, by appellant's counsel, with apparent confidence, that, without conflict, the evidence fully sustains the material allegations of the second paragraph of appellant's answer. The arbitration and award, pleaded in this paragraph in bar of appellee's action, is a common-law arbitration and award. In such an arbitration, it is settled law that where, as here, the submission is to three citizens, and there is no agreement that two may act and render an award, all three of the arbitrators must meet, hear the proofs, and sign the award to render it valid. *Jeffersonville R. R. Co.* v. *Mounts*, 7 Ind. 669; *Baker* v. *Farmbrough*, 43 Ind. 240; Morse Arbitration and Award, pp. 151, 159 and 162.

The award pleaded by appellant in the second paragraph of his answer, in the case under consideration, was signed by two only of the arbitrators. It was to obviate this apparently fatal defect in such award, as we may suppose, that appellant alleged in his special answer that subsequently to entering into the agreement of submission, and before the arbitrators met to hear the cause, it was agreed between him and appellee, that the award of a majority of the arbitrators should be final. It was not claimed or shown by exhibit, or otherwise, that this subsequent agreement was in writing, as was the original submission, and the evidence in regard to it was sharply conflicting. In the absence of such an agreement, the award pleaded by appellant was absolutely null and void; and, by their verdict, the jury virtually and impliedly found,

upon conflicting evidence, that no such agreement was ever entered into, by and between the parties. To such a case the invariable rule of practice, obtaining in this court, is clearly applicable, and forbids the reversal of the judgment below upon the evidence.

We have now considered and decided all the questions, discussed by appellant's counsel in their briefs of this cause, which are saved in and presented by the record, and we have found no error which authorizes or requires the reversal of the judgment.

The judgment is affirmed with costs.

Filed Dec. 7, 1886.