# THE SECURITY LIVE STOCK INSURANCE ASSOCIATION
## v.
## A. D. BRIGGS.

*Insurance on Stock—Arbitration—Award by Majority—Action on—Agency—Evidence.*

In an action on an award arising upon a policy of insurance on stock, it is *held:* That the evidence sustains the agent's authority to bind the company by arbitration; that the calling of a fifth arbitrator, where the others could not agree, amounts to a consent to an award by a majority; and that certain evidence as to the age and value of the mare insured was properly excluded.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Knox County; the Hon. JOHN J. GLENN, Judge, presiding.

Statement by WELCH, J.  This was a suit brought by appellee against the appellant before a Justice of the Peace in which the appellee recovered a judgment and the appellant appealed to the Circuit Court.  On the trial in the Circuit Court appellee recovered a judgment from which the appeal to this court is taken. Appellee held a policy of insurance issued by the appellant to him insuring certain of his stock.  Among the stock thus insured was a mare which had died.  Appellee presented his claim against the appellant for the value of the mare.  Thomas Junk was the agent of the appellant to whom the appellee made application for insurance.  Junk forwarded to the appellant the application and the policy of insurance was issued. After the loss appellee presented to the appellant his claim for the value of the mare that had died.  Appellant wrote to Junk that he was willing to leave the settlement of the claim to fair-minded men who should decide the question as to loss.  An agreement was entered into by appellee and Junk, as the agent of the appellant, as follows:

" We, the undersigned Live Stock Insurance Company, of Bloomington, Illinois, and A. D. Briggs, of Henderson, Illinois, hereby mutually agree to submit all our matters in difference touching the loss of a mare insured in said Live Stock Insurance Company, by said Briggs, to the award and determination of Thomas Hunter, D. P. Riley, D. B. Jackson and James Yard for them to hear and determine the same, and make their award in writing upon their determination, which shall be binding upon the respective parties hereto.

Witness our hands, this 3rd day of October, 1885.

A. D. BRIGGS,      (Seal.)

THOS. JUNK,      (Seal.)

Agent for Company."

Two of the arbitrators named in the agreement were selected by Junk and two by appellee.  The four not being able to agree, a fifth arbitrator was called by the consent of Junk and appellee, four of whom rendered the following award :

"We, the undersigned, arbitrators selected by the Bloomington Live Stock Insurance Company, on the one part, and A.

D. Briggs on the other, met on October 3, 1885, for the purpose of arbitrating the difference between the parties in relation to the loss of a mare insured with said company, and have determined said mare to be worth ninety dollars, and award the same to A. D. Briggs.

(Signed)        Thos. Hunter,
W. C. Koonse,
Jas. E. Yard,
D. P. Riley,
Arbitrators."

Jackson, one of the arbitrators, refused to sign the award; Junk forwarded to the appellant the award. About two weeks after the arbitration, appellee asked Junk if he had heard from the appellant since he had sent it the result of the arbitration. Appellee said if it did not pay he would sue. Junk then wrote to appellant asking it what it was going to do. It answered it would pay him $23, or stand a suit.

Messrs. Williams, Lawrence & Bancroft, for appellant.

Mr. Forest F. Cook, for appellee.

Welch, J. In the view we take of this case, there are just two questions involved: Did Junk have authority to bind the appellant by arbitration, and was the award as signed binding on the appellant?

*First.* Had Junk the authority to bind the appellant by arbitration? He was its agent to take applications for insurance. They had written to him in regard to the settlement of this loss, and wrote to him, it was "willing to leave it to fair-minded men," and made no suggestion so far as appears as to who the arbitrators should be or how they should be selected otherwise than as stated. The implication would be that Junk, their agent in that locality, with whom they were corresponding, would make the selection, and no restrictions were placed on him. The award was forwarded to the appellant and it never denied the authority of Junk to submit. Two weeks afterward it was written to again, and then offered to pay $23, but even then

did not repudiate the authority its agent had assumed. The letter of instructions to the agent, Junk, as to the claim of appellee, is in its hands or in the hands of its agent, and it does not produce the letter or account for it and does not deny the authority was given. We hold that there was sufficient evidence of authority to Junk to bind the appellant by arbitration, and that there was no error in admitting in evidence the agreement to submit to arbitration.

*Second.* Was the award as signed binding on the appellant? It is insisted by counsel for appellant that in order to render the award valid and binding it must be signed by all the arbitrators, and in support of this position we are referred to Morse on Arbitration, 162: "Unless the statute provide to the contrary, the rule is general and imperative that all the arbitrators must unite in the award in order to render it valid." We find that the same author on the same page uses this language: "Or unless a contrary intention of the parties can be clearly and unmistakably gathered from the submission and the attendant facts." The same author says: "The authorization of a majority to make a valid decision need not always be made in distinct terms. If it can be clearly gathered from a necessary implication it may suffice." If, as we have held, Junk had full authority to submit the question to arbitration, then he had authority to agree that an additional arbitrator should be chosen, and that the award of a number less than the whole should be taken. The evidence shows that the four could not agree. An award signed by less than four named in the written submission would not be binding. The evidence further shows that when it was found that the four selected could not agree, the parties agreed to let Koonse, a fifth man, serve on the arbitration. The intention of the parties is perfectly apparent, in calling in a fifth arbitrator; it was that an award rendered by the majority should be valid. They already knew that the four called could not agree and that no valid award could be made by them without the concurrence of all. The calling in of the fifth arbitrator was to obviate the difficulty so that a valid award could be made by the majority of the arbitrators. The conduct of the parties

is clearly within the rule stated by Morse, *supra.*    It was also shown by the evidence that Junk consented to an award by a majority.    We hold as to the second point that the award was binding on appellant.

In the view we have taken of this case, there was no error in excluding the evidence offered by appellant.    The claim of appellee being founded as we hold on an award, the evidence sought to be introduced was pertinent to no issue on that question.    The facts having been found by the jury against appellant, we concur in that finding.

*Finding no error, judgment affirmed.*