## INDIANA BOARD OF PHARMACY *v.* HAAG.

[No. 8,750.　Filed November 19, 1915.]

APPEAL.—*Review.—Ruling on Demurrer.—Constitutional Questions.— Transfer.*—Where charges instituted to revoke a druggist's license were demurred to for want of sufficient facts and also upon the ground that the statute under which the proceeding was instituted was unconstitutional and void, the error assigned on the sustaining of such demurrer necessitated the transfer of the appeal to the Supreme Court on the theory that a constitutional question was involved, although the latter ground stated is not recognized as ground for demurrer, since the trial court may have treated it as a part of the memorandum pointing out wherein the charges were insufficient for want of facts, and especially in view of the rule that the court on appeal will search the record to uphold the sustaining of the demurrer on any sufficient ground though not contained in the memorandum of defects.

From Marion Circuit Court; (20,673) *Charles Remster,* Judge.

Action by the Indiana Board of Pharmacy against

Julius A. Haag.   From a judgment for defendant, the plaintiff appeals.   *Transferred to Supreme Court.*

*Thomas M. Honan, Frank P. Baker* and *Gavin, Gavin & Davis,* for appellant.
*Ryan, Ruckelshaus & Ryan,* for appellee.

HOTTEL, J.—This is an appeal by appellant, Indiana Board of Pharmacy, from a judgment of the Marion Circuit Court in a proceeding brought before such board to revoke appellee's license as a registered pharmacist of Marion County, Indiana, because of appellee's alleged gross immorality.   Upon the original charges filed a trial was had before such board and an order made by it revoking appellee's license.   From this order there was an appeal to the Marion Circuit Court where amended charges were filed, and a demurrer thereto was sustained.   The appellant elected to stand on its amended charges and refused to plead further whereupon judgment was rendered against appellant that it take nothing by its amended complaint and that its revocation of appellee's license be set aside and that appellee be reinstated in his right to practice pharmacy under such license the same as though never revoked.

The ruling on said demurrer to appellant's amended charges is the only error relied on for reversal.   This demurrer is, in part, as follows: "Comes the defendant Julius A. Haag, and demurs to the plaintiff's complaint and amended charges filed in said cause, and for grounds of said demurrer assigns each of the reasons following: (1) Said complaint and amended charges do not contain facts sufficient to constitute a cause of action against him.   (Here follow separate grounds of objection to such complaint or amended charges under the respective subheads, (a), (b), (c), (d), (e), (f), (g),

(h), and (i), which we need not set out) * * * (2) For a further ground of demurrer to the complaint and amended charges herein, defendant says that the Indiana Board of Pharmacy is without authority to revoke his certificate of registration on the charge of gross immorality for the reason that the phrase 'gross immorality' contained in the statute, giving said board the power to revoke certificates of registration, is vague and uncertain and fixes no standard even approximately for determining the moral qualifications of the person to be entrusted with a certificate of registration as a pharmacist. And further, said phrase is so indefinite, vague and uncertain that it does not give the holder of a certificate any definite information as to what he may be called upon to meet, in the event the said board desires to revoke his license upon the grounds of gross immorality, and it gives the said board of pharmacy a discretion which may be controlled by prejudice, passion, favoritism or ill will, without any specific facts being given as the basis of the judgment of such board. (3) For further ground of demurrer to complaint and amended charges herein, defendant says that section 3 of an act of the General Assembly of the State of Indiana, entitled 'An act conferring certain powers and duties on the Indiana board of pharmacy, and matters properly connected therewith,' approved March 4, 1911, in so far as said section purports to give to the Indiana Board of Pharmacy the power to grant certificates of registration, or to revoke such certificates already granted to any person, on the ground of gross immorality, alone is unconstitutional and void for the reasons following: (a) The phrase 'gross immorality' is vague and uncertain and does not furnish any fixed standard by which a person might even proximately know his rights in the premises;

under said act the holder of a certificate of registration could not know and can not know what acts or what conduct or what grade of morals might be regarded by the board of pharmacy as sufficient to constitute gross immorality; and the board of pharmacy, under said act is given a discretion which may be controlled by prejudice, passion, whim, ill will or favoritism. (b) So much of said section 3 of said act as purports to give to the Indiana Board of Pharmacy power to revoke certificates of registration on the grounds of gross immorality, violates the provision of section 23, article 1, of the Constitution of the State of Indiana, which is as follows: 'The general assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens'; and also violates §23, article 4, of the Constitution of the State of Indiana, which is as follows: 'In all the cases enumerated in the preceding section, and in all other sections where the general law can be made applicable, all laws shall be made general and of uniform operation throughout the state.' (c) So much of said §3, of said act, as purports to or attempts to grant the Indiana Board of Pharmacy power to revoke certificates of registration because of gross immorality, is unconstitutional because the same is unfair, and is uncertain and vague, and fixes no standard for the board in determining the qualifications of the holder of the certificate, nor does it furnish any standard by which the holder of the certificate may approximately know what acts or what conduct the board might construe to be an amount of gross immorality; and under said act, if constitutional the board of pharmacy is given the power of discretion to be exercised by it that may be based upon the whims or prejudices or passions of the members thereof, and by reason of

said powers, the board might fix one standard of morality for one locality and another standard for another; might regard certain acts as amounting to gross immorality in one county or city, or in one part of a county or city, which they might hold would not amount to gross immorality in other parts of the county or city in the State, and under said act privileges and immunities may be granted by said board to certain citizens which might be withheld from other citizens, although similarly situated."

It will be observed that appellee by the third ground of his demurrer and by the subheads, (a), (b) and (c) attempts to challenge the constitutionality and validity of the section of statutes on which this proceeding is based, viz., "Section 3 of the act entitled 'An act conferring certain powers and duties on the Indiana Board of Pharmacy, and matters properly connected therewith,' approved March 4, 1911," being §9735c Burns 1914, Acts 1911 p. 443. While such ground of demurrer is one not recognized or enumerated as a ground for demurrer under §344 Burns 1914, Acts 1911 p. 415, yet the trial court may have treated all that followed the first ground of the demurrer, including said third ground and the reasons therefor stated in the subheads thereunder, as a part of the statement or memorandum required by §344, *supra*, pointing out wherein the amended charges were insufficient for want of facts. In any event the appellant tribunal will search the record to affirm the judgment below and where a demurrer based on the ground that the complaint does not state facts sufficient has been sustained by the trial court the appellate tribunal will uphold such ruling on any sufficient ground though not contained in the memorandum accompanying such demurrer. *Bruns* v. *Cope* (1914),

Vandalia R. Co. v. Bryan—60 Ind. App. 223.

182 Ind. 289, 296, 105 N. E. 471. This being true, we think the question of the validity and constitutionality of said section of said act is presented by this appeal and hence jurisdiction thereof is in the Supreme Court. Subd. 1, §1392 Burns 1914, Acts 1907 p. 237. The case is therefore transferred to the Supreme Court under §1397 Burns 1914, Acts 1901 p. 565.

NOTE.—Reported in 110 N. E. 248. See, also, 11 Cyc 816.