GRAND RAPIDS AND INDIANA RAILWAY COMPANY *v.* JAQUA.

[No. 9,145. Filed February 13, 1917. Rehearing denied June 22, 1917. Transfer denied December 7, 1917.]

1. ARBITRATION AND AWARD.—*Offer to Arbitrate.—Acceptance.— What Constitutes.*—Where plaintiff, who was asserting a claim for damages against defendant, made defendant an offer to arbitrate and named the number to constitute the board and the number required to make an award, a letter from defendant stating that he would be glad to appeal to arbitration to settle the case and that the matter had been placed in the hands of its attorney for that purpose, if insufficient of itself to show an acceptance, the subsequent acts of defendant in selecting an arbitrator, considered in connection with the letter, clearly constituted an acceptance of plaintiff's offer, since an acceptance of an offer need not be formal, but any words from which an acceptance may be reasonably understood, when taken in connection with the subject-matter and the offer made, are sufficient. p. 117.

2.  CORPORATIONS.—*Acts of Corporations.*—*Authority of Agents.*—*Pleading and Proof.*—Although a corporation can act only through its duly constituted agents, it is unnecessary to allege the authorization of any act charged to a corporation in a pleading, but it is sufficient to allege that the act in question was done by the corporation, and prove that it was done by constituted authority. p. 119.

3.  ARBITRATION AND AWARD.—*Revocation of Agreement to Arbitrate.*—*Answer.*—*Demurrer.*—In an action to enforce an award returned upon a common-law arbitration, an answer drawn on the theory of a revocation by defendant of the agreement to arbitrate to be good against demurrer must not only show an express and positive revocation, but must also allege that notice thereof was given the arbitrators. p. 119.

4.  APPEAL. — *Review.* — *Ruling on Demurrer.* — *Memorandum.*—*Scope of Review.*—The fact that the court below sustained a demurrer to a paragraph of answer, although no memorandum was filed therewith, does not of itself constitute reversible error, since the court on appeal may look beyond the memorandum, or any ground stated therein, to uphold the ruling of the trial court in sustaining the demurrer. p. 120.

5.  ARBITRATION AND AWARD.—*Award by Majority of Arbitrators.*—*Validity.*—Where an agreement to arbitrate provided that each party select an arbitrator and, if they were unable to agree, those so named should select a third, and that the three should be the arbitrators, an award signed by two of the arbitrators was valid, although the agreement to submit to arbitration did not specifically provide for a decision by a majority, and even an agreement that the decision was to be left to the three would not be inconsistent with a majority award. (*Baker v. Farmbaugh* [1873], 43 Ind. 240; and *Byard* v. *Harkrider* [1886], 108 Ind. 376, distinguished.) p. 120.

6.  ARBITRATION AND AWARD.—*Agreement to Arbitrate.*—*Revocation Before Award.*—*Evidence.*—Although an agreement to arbitrate may be revoked before the return of an award, such revocation must be positive and unconditional, and notice thereof must be given to the arbitrators, and a mere expression of regret contained in a letter over the failure of an arbitration while it was still pending, cannot be construed as a positive revocation. p. 122.

7.  APPEAL. — *Review.* — *Verdict.* — *Conclusiveness.* — The court on appeal cannot disturb the jury's finding based on conflicting evidence. p. 122.

8.  ARBITRATION AND AWARD.—*Resignation of Arbitrator.*—*Validity of Award.*—Where two arbitrators chosen by the parties, being

unable to agree upon an award, selected a third arbitrator under the terms of the arbitration agreement, and a majority award was authorized, the resignation of one of the original arbitrators after the notice of further proceedings did not dissolve the board nor invalidate the award subsequently returned by the other two, since, although the granting of authority to render a majority award does not dispense with the operation of the rule giving the parties a right to the presence and effect of the arguments, experience and judgment of each arbitrator during the whole proceedings, such rule only means that a majority may not act separately or secretly without giving the minority a reasonable opportunity to participate in all the proceedings. p. 123.

9. TRIAL.—*Instructions.—Abstract Rules of Law.*—The giving of instructions stating mere abstract rules of law is not available error where they correctly state the law with reference to an issue involved. p. 126.

From Delaware Superior Court; *Robert M. Van-Atta,* Judge.

Action by Alonzo L. Jaqua against the Grand Rapids and Indiana Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Roscoe D. Wheat, John M. Smith* and *Orr & Orr,* for appellant.

*Frank B. Jaqua,* for appellee.

BATMAN, J.—This is an appeal from a judgment against appellant in favor of appellee on an award returned upon a common-law arbitration. The complaint is in two paragraphs, to each of which a demurrer was filed for want of facts, with memorandum. Each of such demurrers was overruled and proper exceptions were reserved. An answer in four paragraphs was filed. A demurrer was addressed to the second paragraph thereof, which was sustained and the proper exception reserved. A reply in general denial was filed to the third and fourth paragraphs of answer. Trial by jury, verdict in favor of appellee for $700 and costs, on which

judgment was rendered. Appellant filed a motion for a new trial, which was overruled, and a proper exception reserved. Appellant assigned errors, and relies for reversal on the action of the court in overruling its demurrer to each paragraph of the complaint, in sustaining the demurrer to its second paragraph of answer, and in overruling its motion for a new trial.

The first paragraph of complaint alleges in substance that the appellant elevated its railroad track to a height of several feet adjacent to appellee's property; that he was damaged thereby, and made a claim against appellant therefor; that thereafter such negotiations were had between appellee and appellant as that the appellee offered in writing to submit the question of such claim for damages to two arbitrators, one to be selected by each party, and in case such arbitrators could not agree, then such arbitrators to select a third, and the decision of a majority of such board of arbitrators was to be taken as final; that he could not set out a copy of such proposition for the reason that it was in the possession of the appellant, and he had no copy thereof; that appellant accepted said proposition to arbitrate by sending to him the following letter:

Grand Rapids, Mich., April 22, 1912.

Mr. A. L. Jaqua,

Portland, Indiana.

Dear Sir:—

Replying to your letter of April 17th: In deference to your wishes, we will be glad to appeal to arbitration in this case, and the matter has been placed in the hands of General Counsel Campbell for that purpose.

Yours truly,

J. H. P. HUGHART,

Vice President and General Manager.

That thereafter, on May 7, 1912, the appellant selected E. S. Jones as its arbitrator, and the appellee selected John E. Adair as his arbitrator; that said arbitrators met thereafter and viewed the premises involved, and were unable to agree as to the amount of appellee's damages; that thereupon said arbitrators agreed upon and selected Irvin Black to act as a third arbitrator, and said Black entered into an investigation of the matters involved with said original arbitrators; and thereafter, on September 30, 1912, the said John E. Adair and said Irvin Black agreed that appellee should be awarded the sum of $650, and thereupon rendered their award in writing for said amount, a copy of which is filed with the complaint and made a part thereof; that the said E. S. Jones refused to agree or to sign said award; that on the date of said award a copy thereof was delivered by such arbitrators to appellant and appellee; that appellee since the rendition of such award and before the bringing of such action demanded of appellant the payment thereof, but such payment was refused; that said sum with interest since the rendition of said award is now due and wholly unpaid. Prayer for judgment for $700.

The second paragraph of complaint is in substance the same as the first, except it relies upon a parol agreement to submit the same claim to arbitration under the common law.

We do not set out a copy of the award, as the only objection made to it is based on the fact that it was only signed by two arbitrators instead of three. Appellant contends that the first paragraph of the complaint does not show such an acceptance of appellee's offer as constitutes an agreement to arbitrate, and therefore fails to state

a cause of action. We cannot agree with appellant in this contention. It is well settled that an acceptance of an offer need not be formal. Any words may be used from which an acceptance may be reasonably understood, when taken in connection with the subject-matter and the offer made. It will be observed that it is not only alleged that appellee made appellant an offer to arbitrate, but also named the number to constitute the board to which the difference should be submitted, and the number required to make an award thereunder. It will also be observed that the letter alleged to have been received in response to such offer, when fairly construed, clearly agrees to arbitrate, and expressly states that this is done in deference to appellee's wishes. The only question then remaining is, Can it be said that such acceptance was broad enough to cover the terms of the offer made by the appellee? When such letter was written, the writer evidently had knowledge of the terms of the offer made, and it is significant that, while the writer knew what they were, and that appellee must be relying on the same, still he made no objections to such terms, or suggested any other. Under such circumstances, we do not believe appellant can now be heard to say that the terms proposed by appellee's offer were not included in the acceptance. But if there was any question in that regard, the allegations of the subsequent acts of appellant, taken in connection with the letter, clearly show an acceptance of the terms of appellee's offer. It appears from the paragraph of complaint under consideration that the parties proceeded in accordance with the terms of the offer in appointing arbitrators. This of itself is a strong circumstance going to show that the full terms of the offer were covered by the

acceptance, since we have a right to interpret the scope of the acceptance from the subsequent conduct of the acceptor. This is in line with the authorities which hold that, where parties have by their acts given a construction to a contract entered into by them, the court will adopt and enforce that construction. *Childers* v. *First Nat. Bank, etc.* (1896), 147 Ind. 430, 46 N. E. 825; *Frazier* v. *Myers* (1892), 132 Ind. 71, 31 N. E. 536; *Reissner* v. *Oxley* (1881), 80 Ind. 580. We therefore conclude that the first paragraph of complaint is sufficient to withstand a demurrer for want of facts.

Appellant contends that the second paragraph of complaint is not sufficient, because there is no averment of authority on the part of any one to enter into such an agreement on behalf of appellant. It is true that corporations can only act through their duly constituted agents as claimed by appellant, but it is not necessary to allege the authorization of any act charged to a corporation in a pleading. It is sufficient to allege that the act in question was done by the corporation, and then prove that it was done by constituted authority. 3 Thompson, Corporations (2d ed.) 1096, §3152; 5 Ency. Pl. and Pr. 92; *School Town, etc.* v. *Shaw* (1885), 100 Ind. 268. The objection, therefore, is not well taken.

Appellant also claims that the court erred in sustaining appellee's demurrer to its second paragraph of answer, since no memorandum was filed therewith. This paragraph of answer is drawn on the theory of a revocation by appellant of the agreement to arbitrate. In order for such a paragraph to withstand a demurrer, it must not only show an express and positive revo-

cation, but must also allege that notice thereof was given to the arbitrators. *Goodwine* v. *Miller* (1869), 32 Ind. 419; 5 C. J. 58, §109. This paragraph is insufficient in each of these particulars. The letter relied on as a revocation falls far short of an express and positive declaration, but merely expresses regret that arbitration had failed. This we deem insufficient and, when taken in connection with an absence of any notice to the arbitrators, renders the paragraph of answer wholly insufficient.

4. The fact that the court sustained appellee's demurrer to such paragraph of answer, although no memorandum was filed therewith, does not of itself constitute reversible error, since this court may look beyond the memorandum, or any ground stated therein, to uphold the ruling of the trial court in sustaining a demurrer. *Boes* v. *Grand Rapids, etc., R. Co.* (1915), 59 Ind. App. 271, 108 N. E. 174, 109 N. E. 411; *Indiana Board, etc.* v. *Haag* (1915), 60 Ind. App. 218, 110 N. E. 248.

5. Appellant also predicates error on the action of the court in overruling its motion for a new trial. It urges that the verdict is not sustained by sufficient evidence, because it appears that the award in question was signed by only two of the arbitrators, when the evidence shows that the agreement to arbitrate required that it should be signed by all three in order to be effective. We cannot agree with appellant's contention. By a fair construction of the evidence, both oral and written, it appears that the agreement as to the manner of selecting the board of arbitrators was substantially as follows: The appellee was to select one arbitrator, and the appellant was to select one, and if they could not agree, they should select a third, and the three thus selected should be the arbitrators.

The question is, Can two members of a board of arbitrators, thus selected, make a valid award? We believe such an award is authorized. It has been held that, although an agreement to submit to arbitration does not specifically provide for a decision by a majority, such authority will be inferred from a provision for the selection of a special arbitrator who is authorized to act only upon a disagreement of those originally appointed. 5 C. J. 98, §2130; 2 R. C. L. 384; Morse, Arbitration and Award 163; 4 Elliott, Contracts §2959; *Hobson* v. *Heirs of McArthur* (1842), 16 Pet. 182, 10 L. Ed. 930; *Kile* v. *Chapin* (1857), 9 Ind. 150; *Fish* v. *Vermillion* (1904), 70 Kan. 348, 78 Pac. 811; *Security Live Stock Ins. Assn.* v. *Briggs* (1886), 22 Ill. App. 107. We believe the rule stated is not only fully supported by the authorities but founded upon reason, and ought to be controlling in this case. We may further add that, in our opinion, any provision in such an agreement to arbitrate whereby the matter was to be left to the three after the selection of the third arbitrator, or that the parties were to abide their decision, could make no difference in the application of the rule stated, since any such provision would not be inconsistent with a majority award.

Counsel for appellant cites the cases of *Byard* v. *Harkrider* (1886), 108 Ind. 376, 9 N. E. 294, and *Baker* v. *Farmbrough* (1873), 43 Ind. 240, in support of its contention that a majority award was not authorized, but each of the cases cited differ from this case in this material fact, that in each of such cases the agreement was to submit the difference in the first instance to three arbitrators, while in this case the original submission was to be to the two first selected, and the appointment of the third arbitrator was contingent upon their failure to agree. This is

a controlling difference under the authorities cited, which hold that the latter method of appointment of the third arbitrator clearly evidences the intention of the parties to provide a way to break the deadlock, which would naturally exist, where the two first appointed failed to agree.

Our conclusion that a majority award was authorized renders it unnecessary to discuss the alleged error of the court in admitting in evidence the award returned in this case, which was signed by only two of the arbitrators.

Appellant also contends that the evidence shows that the agreement to arbitrate was revoked prior to the return of the award. We do not concur in 6. this contention. We recognize that an agreement to arbitrate may be revoked before the return of the award as stated in the authorities cited by counsel, but such revocation must be positive and unconditional, and notice thereof must be given to the arbitrators. We do not consider that a mere expression of regret over the failure of an arbitration, still pending, such as contained in the letter in evidence, can be construed to be a positive 7. revocation. The remaining evidence as to any such revocation was oral and conflicting, and the question was decided by the jury against appellant. Under such circumstances, we cannot disturb the finding of the jury.

Appellant further contends that the evidence shows that the arbitrator Jones resigned several days prior to the return of the award, and thereafter took no part in the proceedings, and that the award returned by the remaining arbitrators was therefore invalid.

The evidence tends strongly to establish the fol-

lowing facts with reference to the appointment of arbitrators and the alleged resignation of the 8. arbitrator Jones: The appellant selected Jones and the appellee selected Adair as arbitrators. They visited the premises in question together, and after viewing the same attempted to agree as to the amount of appellee's damages, but failed. They subsequently talked the matter over again on three or more occasions in further efforts to agree, but did not succeed. It was then suggested by one of them that, since they could not agree, they had better select a third arbitrator, to which suggestion the other assented, and after some negotiations Irvin Black was selected as such third arbitrator. Both Jones and Adair saw Black and informed him of his selection. The three arbitrators never met together to view the premises or to consider the amount of damages, but Black on different occasions consulted with both Jones and Adair separately with reference to the matter. Subsequently Jones notified his fellow arbitrators that he had resigned, and would not have anything more to do with the arbitration. Adair and Black afterwards made and signed the award in evidence in the absence of Jones. After the appointment of Black and prior to making the award, Adair told Jones that they were going over to view the premises, and asked him if he wanted to go along, and he answered, "No I have resigned and won't have anything more to do with it."

The question is, Did such acts of the arbitrator Jones render the subsequent award of the arbitrators Adair and Black invalid? Or, in other words, did the resignation of Mr. Jones, conceding his acts amounted to that, dissolve the board of arbitration

as then constituted, so as to defeat the submission? We are of the opinion that it did not do so.

If the agreement to arbitrate had provided that the award to be valid should be made by all three arbitrators, then such resignation or refusal to act would have had such effect, but this is not true where a majority award is authorized, as in this case, and the third arbitrator has been appointed and has become a member of the board. This is necessarily true, as the authorities hold, or otherwise it would be in the power of one of the parties to trick the other, and thereby entirely deprive him of the benefit of the reference. The law will not thus put it in the power of one arbitrator to defeat the submission by withdrawing from the trust under such circumstances.

In the case of *Kile* v. *Chapin, supra,* the Supreme Court stated the rule as follows: "Even when several arbitrators are appointed by the parties, and one refuses to act, the award of the other arbitrators will be valid. For the law will not put it in the power of one arbitrator to defeat the submission by withdrawing from the trust." This statement was criticized in the case of *Baker* v. *Farmbrough, supra,* as being too broad, but it did not undertake to question the rule, where a majority award was authorized. We find no later expression of this or the Supreme Court on this particular question, but cite the following authorities in support of the rule we have stated. Morse, Arbitration and Award 154-159; 4 Elliott, Contracts §2959; 5 C. J. 100; 2 Am. and Eng. Ency. Law 645; *Witz* v. *Tregallas* (1896), 82 Md. 351, 33 Atl. 718; *Carpenter* v. *Wood* (1840), 1 Metc. (Mass.) 409; *Doyle* v. *Patterson* (1888), 84 Va. 800, 6 S. E. 138; *Toledo S. S. Co.* v. *Zenith Transportation Co.*

(1911), 184 Fed. 391, 106 C. C. A. 501. While it is true, as stated in the case of *Heritage* v. *State, ex rel.* (1908), 43 Ind. App. 595, 88 N. E. 114, that the granting of authority to render a majority award cannot be taken as an intention to dispense with the operation of the rule which gives to the parties a right to the presence and effect of the arguments, experience, and judgment of each arbitrator during the whole proceedings, still it is equally true, under the authorities, that where a majority award is authorized, the refusal of an arbitrator to participate in the proceedings after the full board has been appointed, does not ordinarily defeat the submission. Such rule evidently only means to provide that a majority may not act separately or secretly, hear the evidence and determine the award without giving the minority a reasonable opportunity to be present and participate in all the proceedings, even where a majority award is authorized. Any other construction of the rule would render it easily possible for a single arbitrator, after the board had been fully organized and the deliberations had been far advanced, to arbitrarily or capriciously prevent the return of an award by refusing to attend or participate further in the proceedings, and thereby defeat one of the evident objects of the parties in agreeing to a majority award in the submission. This the law will not permit.

In this case, however, there is evidence on which the jury could have found that due notice of further proceedings in the matter had been given the arbitrator who did not sign the award, and that such a refusal was made as to make it clearly apparent that further notice would be unavailing, and therefore wholly unnecessary. There was no evidence that the

relation of arbitrators was subsequently resumed after such refusal, and hence we would not be justified in disturbing the verdict on that ground.

Appellant also predicates error on the action of the court in giving instructions Nos. 1, 2, 5 and 6 requested by appellee. His objection to Nos. 1 and 2 is that they state mere abstract propositions of law. The giving of such instructions is not available error, where it correctly states the law with reference to an issue involved. *Pope* v. *Branch County Savings Bank* (1899), 23 Ind. App. 210, 54 N. E. 835. We find no error in giving said instructions Nos. 5 and 6.

Objections are also made to the giving of several instructions by the court on its own motion, and to the refusal of the court to give certain instructions at the request of appellant. We have examined these several instructions, and find no error in the action of the court with reference to the same. The questions raised by such objections are covered in the main by the decision on other questions presented by this appeal, and require no further consideration here. We find no error in the record.

Judgment affirmed.

NOTE.—Reported in 115 N. E. 73. Agreement to submit to arbitration, revocability, Ann. Cas. 1914B 300, 5 C. J. 57. See under (1) 5 C. J. 23; (8) 5 C. J. 100.